(No. 49731.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. MICHAEL DuMONTELLE, Appellant.

*Opinion filed March 23, 1978.*

158

160

Ralph Ruebner, Deputy Defender, and Kathy M. Morris, Assistant Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and L. Patrick Power, State's Attorney, of Kankakee (Donald B. Mackay and Melbourne A. Noel, Assistant Attorneys General, of Chicago, and James E. Hinterlong and Linda M. Vodar, of the Illinois State's Attorneys Association Prosecutors' Appellate Service, of Ottawa), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

The defendant, Michael DuMontelle, pleaded guilty to the charge of possession of cannabis, in violation of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 704(c)) (hereinafter cited as the Act). The circuit court of Kankakee County placed him on probation as provided in section 10 of the Act (Ill. Rev. Stat. 1973, ch. 56½, par. 710). The court also fined the defendant $65 and assessed court costs against him in the amount of $25. The defendant appealed, arguing that section 10 of the Act does not authorize the imposition of a fine or the assessment of court costs. The appellate court affirmed with one justice dissenting. (49 Ill. App. 3d 187.) We granted leave to appeal.

Two closely related questions are presented for review. First, we are asked to decide whether the general sentencing provisions of section 5—5—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—3) may be applied to a defendant who has been placed on probation pursuant to section 10 of the Act. Similarly, we must decide whether a section 10 probationer may be required to pay court costs, as provided in the criminal costs statute (Ill. Rev. Stat. 1973, ch. 38, par. 180—3). We will first consider whether a fine was properly imposed against the defendant under the circumstances of his case.

The basic sentencing provision of the Unified Code of Corrections is found in section 5—5—3. That section provides: "Every person convicted of an offense shall be sentenced as provided in this Section ***." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—3(a).) The term "conviction" includes "a judgment of conviction or sentence entered upon a plea of guilty ***." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—1—5.) Section 5—5—3(d)(1) specifically authorizes a court to impose probation upon those defendants

convicted of a felony or misdemeanor, and section 5—6—3(b)(2) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(b)(2)) authorizes the imposition of a fine as one of the numerous terms upon which probation may be conditioned. Whether these sentencing provisions of the Unified Code of Corrections may be properly applied to a defendant who has been placed on probation pursuant to section 10 of the Act can only be ascertained by examining both the precise language of the statute as well as the legislative intent underlying the spirit and purpose of the Act itself.

Section 10 of the Act, often appropriately referred to as the "first offender" provision, provides for the lenient treatment of a defined class of first-time marijuana offenders. As set forth in the section, "[w]henever any person who has not previously been convicted of any offense under [the] Act" pleads or is otherwise found guilty, "the court may, without entering a judgment of guilt ***, defer further proceedings and place him on probation upon reasonable terms and conditions as it may require." (Ill. Rev. Stat. 1973, ch. 56½, par. 710.) The section further provides for discharge and dismissal of the defendant upon his successful completion of the terms imposed by the court, and also allows the court to "enter an adjudication of guilty and proceed as otherwise provided" if the defendant fails to fulfill the probationary conditions. (Ill. Rev. Stat. 1973, ch. 56½, par. 710.) Finally, and most importantly, the section declares:

> "Discharge and dismissal under this Section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime ***." Ill. Rev. Stat. 1973, ch. 56½, par. 710.

It is important to note that under the provisions of section 10, following the factual determination of guilt, no judgment of guilt as to the offense charged can be entered,

but further proceedings are *deferred* during the period of probation. If the offender successfully completes his probation, the charge is dismissed and the offender discharged. In such a case, no adjudication of guilt of the offense charged can be made and there can be no conviction of the charge. It is only in cases of failure to successfully complete the probation that the court may, under section 10, adjudge the offender guilty and enter a judgment of conviction.

There are serious obstacles in attempting to apply the general sentencing provisions of the Unified Code of Corrections to the first-offender provision of the Act. It is difficult to circumvent the clear import of the statutory language, in particular that portion quoted above, which declares that treatment under the first-offender statute does not amount to a conviction. Since this is true, neither section 5—5—3 nor its accompanying provisions govern section 10 treatment because, as we have noted, a conviction is a necessary prerequisite to their application. Any other conclusion is not only contrary to the inescapable meaning of the statutory language, but also emasculates the legislative intent to provide a unique and innovative punitive scheme for first offenders by excising their treatment from the general provisions of the Unified Code of Corrections. See Ill. Rev. Stat. 1973, ch. 56½, par. 701.

The majority of the appellate court approved the application of the sentencing provisions of the Unified Code of Corrections to section 10 treatment by concluding that such treatment was the equivalent of a "sentence upon a plea of guilty," and thus fell under the specified meaning of "conviction" as defined in section 5—1—5 (Ill. Rev. Stat. 1973, ch. 38, par. 1005—1—5). We do not agree with this analysis. Such reasoning is not in accord with the manifest intent of the statutory language declaring that probationary treatment under section 10 shall not be a

conviction, regardless of how the term "conviction" is defined in the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—1—5). Also, the conclusion reached by the appellate court is not consistent with the intended operative effect of a section 10 proceeding. As noted above, ordinary probation is a sentence authorized by the Unified Code of Corrections. However, we are compelled to conclude that the probationary status contemplated by section 10, unlike its Unified Code counterpart, does not amount to a sentence. Pursuant to the provisions of the Act quoted above, when a defendant pleads guilty to a first offense, further proceedings are deferred prior to any adjudication of guilt or entry of a judgment of conviction. Consequently, after the probationary status expires, the court must determine whether or not an adjudication of guilt is to be entered based on the defendant's noncompliance or compliance with the probationary conditions. Probationary status under section 10, then, is in the nature of a continuance, and no adjudication of guilt or judgment of conviction may be entered until after the completion of the probationary period. This operative scheme does not apply to probation under the Unified Code of Corrections, which is imposed after an adjudication of guilt and entry of a judgment of conviction and, consequently, is properly considered to be a sentence. See *People v. Glidden* (1975), 33 Ill. App. 3d 741.

Because section 10 treatment is in the nature of a continuance, and does not amount to a conviction under the Unified Code of Corrections, the imposition of a fine against the defendant was unauthorized. In *People v. Breen* (1976), 62 Ill. 2d 323, this court held that dispositions imposed by the courts must be authorized by law.

Section 10 authorizes the court to impose "reasonable terms and conditions" of probation. (Ill. Rev. Stat. 1973, ch. 56½, par. 710.) Since a fine is a punitive measure, the

imposition of a fine as a condition of probation under section 10 does not comport with the overall tenor of that section. It would appear incongruous to impose a fine as a condition of probation and then upon the satisfactory completion of probation to dismiss the charge and discharge the offender. To require the offender to suffer a forfeiture of money under such circumstances does not appear to be reasonable in light of the general lenient purpose of the Act. For these reasons the court's order that the defendant pay a fine as a condition of probation under section 10 must be reversed.

The State argues that section 10 requires the application of the Unified Code of Corrections in order to have a meaningful interpretation. We do not agree. While the courts have a wide range of discretion in fashioning treatment under the Act, we feel that the terms and conditions of section 10 probation should be both consonant and compatible with the lenient spirit and purpose of a scheme that deemphasizes punishment of first offenders. The precise nature of probationary treatment under section 10 will often depend upon the circumstances of each individual case. In any event, we are not persuaded that the courts will find it difficult to attach reasonable and effective conditions to section 10 probation without guidance from the Unified Code of Corrections, nor do we consider its application necessary for the purpose of defining the limits of the court's discretion in dealing with first offenders under section 10.

The final question is whether or not a section 10 probationer may be assessed court costs, as provided for in the criminal costs statute (Ill. Rev. Stat. 1973, ch. 38, par. 180—3). That statute provides that "any person *** convicted of an offense under any statute" can be required to pay court costs. However, as we have discussed above, probationary status under section 10 does not amount to a conviction, and hence there is nothing upon which the

payment of costs can be predicated. Therefore, the court's order assessing costs against the defendant in the amount of $25 must accordingly be reversed.

The judgment of the appellate court affirming the circuit court's orders with respect to the imposition of the fine and costs is reversed. The orders of the circuit court imposing the fine and costs are also reversed.

*Reversed.*