THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES HARRIS, Defendant-Appellant.

Third District   No. 77-173

Opinion filed March 14, 1979.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, for appellant.

Edward Petka, State's Attorney, of Joliet (Gerry R. Arnold and John X. Breslin, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Charles Harris appeals to this court from an order of the Circuit Court of Will County assessing costs in the sum of $240 in a proceeding under section 410 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1410).

In 1976, the defendant Charles Harris was convicted, in a bench trial, of the possession of less than 30 grams of a controlled substance (heroin). (See Ill. Rev. Stat. 1975, ch. 56½, par. 1402(b).) Pursuant to a request by defense counsel, the trial court placed defendant on probation pursuant to section 410 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1410). The section, as it then existed, stated:

> "Whenever any person who has not previously been convicted under any law of the United States or of any State relating to controlled substances, pleads guilty to or is found guilty of possession of a controlled substance under Section 402(b), the court, without entering a judgment of conviction and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions which may include treatment or rehabilitation approved by the Department of Mental Health and Developmental Disabilities. Upon violation of a term or condition, the court may enter a judgment of conviction and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this Section is not a conviction for purposes of this Act or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime. There may be only one discharge and dismissal under this Section with respect to any person."

As noted, the court in this case placed Harris on probation, pursuant to section 410, after a December 10, 1976, sentencing hearing. One condition of probation imposed by the court at that time was that Harris pay costs of the proceedings in the amount of $240. The cause was then continued to a date 3 years later, as is customary in such first offender cases. No objections were made at the sentencing hearing to the imposition of costs in addition to the probationary "continuance." However, a timely notice

of appeal was filed. Thereafter, in March 1978, the Illinois Supreme Court's opinion in *People v. DuMontelle* (1978), 71 Ill. 2d 157, 374 N.E.2d 205, was filed. In *DuMontelle*, the court held that the imposition of a fine and costs under a similar section of the Cannabis Control Act, section 10, dealing with first offender probation for cannabis possession, was not authorized by the Act. (Ill. Rev. Stat. 1977, ch. 56½, par. 710.) It reversed the orders imposing fines and costs. (71 Ill. 2d 157, 166.) The defense in this case, relying upon the opinion in *DuMontelle*, raises an issue with respect to the assessment of costs as to the defendant who was placed upon first offender probation under the Illinois Controlled Substances Act. (Ill. Rev. Stat. 1975, ch. 56½, par. 1410.) Emphasizing the similarity in language between the pertinent parts of sections 10 and 410 (Ill. Rev. Stat. 1975, ch. 56½, pars. 710, 1410), as well as the similar purposes underlying the two sections, the defense argues that *DuMontelle* is controlling and that the court was without authority to assess costs to the defendant in this case.

The State responds to the defense position with three arguments: (1) that the issue has been waived by the defendant's failure to raise the issue below; (2) that *People v. DuMontelle* ought not be followed because of certain amendments to the applicable sections; and (3) that *DuMontelle* ought to be given prospective application only.

■■ The State argues, since no objection was made to the imposition of costs by the defendant at the time of sentencing, that the issue has been waived. It cites our decision in *People v. Guynn* (3d Dist. 1975), 33 Ill. App. 3d 736, 338 N.E.2d 239, in support of the rule requiring that errors be brought to the attention of the trial court so that it might have an opportunity to correct itself or to correct the error involved. (33 Ill. App. 3d 736, 737.) We note, initially, that while the general rule was stated in *People v. Guynn,* in that case we addressed ourselves to an issue not brought to the attention of the trial court, and we found the defense argument on that issue was without merit. (33 Ill. App. 3d 736, 737.) The issue in the instant case is purely a legal one, concerning the construction of a statutory provision. No benefit would have come from factual development below, nor is it likely, given that *DuMontelle* was undecided at the time of the assessment of costs, that, if the issue had been raised, the trial court would have changed its disposition in this case. The usual reasons underlying application of the general rule of waiver are thus absent in the instant case. In addition to these considerations, we note that the "[a]ssessment by the court of costs or fees not authorized by statute is an abuse of discretion. [Citation.]" (*People v. Nicholls* (5th Dist. 1977), 45 Ill. App. 3d 312, 314, 359 N.E.2d 1095, *rev'd in part, aff'd in part* (1978), 71 Ill. 2d 166.) In light of the above, we address ourselves to the

issues raised in this appeal, even though not required to consider them, as the State contends.

■■ The State further argues that the issue is waived since the defendant failed to move to have his sentence modified, pursuant to section 5—8—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(d)). The defense responds that the sentencing provisions of the Unified Code of Corrections are inapplicable to a case under section 410. (*People v. DuMontelle*, 71 Ill. 2d 157, 163, 374 N.E.2d 205.) We agree and we also note that failure to make the motion to modify, even where applicable, does not always operate to waive a sentencing issue. (*People v. Parr* (5th Dist. 1976), 35 Ill. App. 3d 539, 341 N.E.2d 439.) We conclude that, on the record, we should consider the issue raised by defendant on appeal.

The issue as to whether section 410 (Ill. Rev. Stat. 1975, ch. 56½, par. 1410) authorizes the imposition of costs on a person placed on first offender probation thereunder is controlled by the decision in *People v. DuMontelle*. The pertinent language in both sections (section 410 and section 10), and the underlying purposes of each section, are identical. The State does not contest the similarity in language and purpose expressed in the sections, nor that, if it has continuing viability, *People v. DuMontelle* would require our finding that section 410 does not authorize the imposition of costs upon a first offender probationer under the Illinois Controlled Substances Act. (Ill. Rev. Stat. 1975, ch. 56½, par. 1410.) The State's chief argument, rather, is that the supreme court's decision in that case is no longer controlling as a precedent. In support of this argument and the resultant imposition of costs upon a first offender probationer, the State cites us to recent amendments to both sections 10 and 410 of the Illinois Cannabis Control Act and the Controlled Substances Act, respectively. (Act of June 30, 1978, P.A. 80-1202, §§1—3, amending Ill. Rev. Stat. 1977, ch. 56½, pars. 710 and 1410.) Those amendments, in pertinent part, specify that a court may require a first offender probationer, under either act, to pay a fine and costs as a condition to any probationary continuance. In addition to the specification of certain other permissible conditions on probation, the amendments make the following pertinent change in section 410.

> "(f) A disposition of probation is considered to be a conviction for the purposes of imposing the conditions of probation and for appeal, however, discharge and dismissal under this Section is not a conviction for purposes of this Act or for purposes of disqualifications or disabilities imposed by law upon conviction of the crime. * * *" (§2(f) of P.A. 80-1202, amending Ill. Rev. Stat. 1977, ch. 56½, par. 1410.)

Section 3 of the amendments then attempts to make all changes wrought in the two sections retroactive in application. It states:

"The General Assembly declares that the changes made by this amendatory Act, * * * are declaratory of existing law and are therefore applicable in relation to events which occurred before the effective date of this amendatory Act. The 'terms and conditions' of probation as specified in this amendatory Act are declared to be reasonable terms and conditions for probation under the affected Sections as those Sections were in effect before the effective date of this amendatory Act."

The amendments were effective as of June 30, 1978. *DuMontelle* had held, as we noted earlier, that section 10, and (by force of the same reasoning), section 410, did not authorize fines or costs as a condition of first offender probationary status. It is the State's position on appeal that these amendments to section 410, effective June 30, 1978, establish the meaning of section 410 even as it existed prior to the amendments. The State argues that the intent of the legislature is expressed in the amendments and that it is given retroactive application in Section 3 of the amendments referred to. Therefore, according to the State, the amendments ought to guide our decision as to the meaning of section 410 with respect to costs which were taxed in 1976. To point up the argument a bit more, the State's position is that the 80th General Assembly, in the amendments to sections 10 and 410, declared that the Illinois Supreme Court, in *People v. DuMontelle*, had misinterpreted the legislative intent of the 77th General Assembly which had passed the original provisions with respect to first offender probation that were construed in *DuMontelle*. It urges then that the appellate court disregard the decision in *DuMontelle* on the basis of subsequent legislative amendments. We cannot agree. Such a position, as the defense correctly points out, raises insuperable difficulties. The first major problem with the State's position, and with the amendments, lies in the separation of powers principles specified in our constitution. Ill. Const. 1970, art. 11, §1.

The legislature, by seeking to make application of the amendments retroactive in section 3, is attempting to impose its construction of sections 10 and 410, as those sections existed before the amendments, upon the supreme court and all other courts in the State. It is a fundamental principle of constitutional law that the powers of the respective branches of government are separate. This separation of powers between the branches of government operates to prevent one branch from exercising those powers and duties granted to another branch. With respect to the differing spheres of the judiciary and the legislature, the supreme court stated in *People v. Crawford Distributing Co.* (1972), 53 Ill. 2d 332, 338, 291 N.E.2d 648:

"The judicial power is vested solely in the courts, and the legislative branch is without power to specify how the judicial power shall be exercised under a given circumstance; it is without authority to state explicitly how the judiciary shall construe a statute. [Citations.]" (See *Ogden v. Blackledge* (1804), 6 U.S. (2 Cranch) 272, 2 L. Ed. 276; *In re Ashley* (1827), 21 Mass. (4 Pick) 21.)

As succinctly stated in *Rockhold v. Canton Masonic Benevolent Society* (1889), 129 Ill. 440, 461-62:

"[T]he legislature cannot instruct the judiciary how to construe certain statutes * * *. [Citations.] But we concede that in determining the meaning of obscure clauses in statutes, it may often be important to look into other enactments *by the same legislature*, having reference to the same subject matter, as showing the sense in which the language was evidently employed; but it is manifest that the enactments of a subsequent legislature, composed of different members, could have no more value, in that respect, than the acts of any other department of government." (Emphasis added.)

The attempt at retroactive application in section 3 of the amendments heretofore discussed is an attempt not only to direct the construction of the previously enacted sections, but also to reverse the construction placed upon those sections by the highest court in this State. As such, it violates the constitutional provision for the separation of powers.

In *People v. DuMontelle* the Illinois Supreme Court examined the language used in section 10 of the Cannabis Control Act (language similar to section 410 of the Controlled Substances Act), in connection with other language used therein and in the Code of Corrections, and it determined the meaning of section 10. It determined, as noted, that costs and fines were not authorized by the legislature in section 10. The supreme court's construction of that statute determined what is meant by the Act. The statute was then imbued with the interpretation given to it by the Illinois Supreme Court. (*Mitchell v. Mahin* (1972), 51 Ill. 2d 452, 456, 283 N.E.2d 465.) This decision by the supreme court, and its implications for the construction of section 410 of the Controlled Substances Act, is binding upon this court. (*Fuller v. Lake Shore & Michigan Southern Ry. Co.* (1st Dist. 1911), 165 Ill. App. 279, 285.) We cannot disregard a conclusive pronouncement by the supreme court of this State. If the State's argument is accepted, it would allow the legislature, by subsequent interpretive legislation, to direct a construction of a previously passed statute. It would, in effect, make a current legislature the court of last resort in the State. Such an unacceptable result is further aggravated when, as in the present case, the subsequent legislation also attempts to reverse a decision

of the highest court of the State as to a statutory provision enacted by a previous legislature. Section 3 of the new amendments, in its attempt to, retroactively, apply the changes made to section 10 and 410, and in its attempt to direct construction of those statutes, is clearly unconstitutional as violative of the separation of powers, and in its attempt to make its construction retroactive. The new amendments are, presumably, effective only prospectively.

■■ Another constitutional difficulty with the retroactive application of the 1978 amendments lies in the effect such application would have upon the punishment imposed upon persons who were convicted of possession and placed upon first offender probation prior to the effective date of the amendments. To those persons, the imposition of costs and fines, where such were not previously assessable, constitutes an increase in the punishment under sections 10 and 410 for their previously committed offenses. Such an increase in possible penalty would operate as an *ex post facto* law and be violative of the constitutional prohibition against such laws. (*People v. Peach* (3d Dist. 1976), 39 Ill. App. 3d 757, 350 N.E.2d 583.) In *Peach*, at 39 Ill. App. 3d 757, 760, we quoted *People v. Wycoff* (2d Dist. 1969), 106 Ill. App. 2d 360, 245 N.E.2d 316, where the court said:

> " 'It is clear that punishment for an offense cannot be increased by an amendatory act taking effect after the offense has been committed, within the constitutional·prohibition against *ex post facto* laws.' "

(See also *People v. Nichols* (3d Dist. 1978), 60 Ill. App. 3d 919, 377 N.E.2d 815.) Section 3, in its attempt to retroactively increase the possible penalties under sections 10 and 410, thus would violate the constitution and be invalid.

■■ Citing *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, and *People v. Ellis* (1973), 53 Ill. 2d 390, 292 N.E.2d 728, the State argues that *People v. DuMontelle* should not be applied retroactively. In both *Wills* and *Ellis* the court gave prospective effect to their decisions where those decisions reversed a previously established judicial standard. The court was making drastic changes in standards that it had previously established as guides for the courts or law enforcement personnel. In addition, in those cases the supreme court itself addressed the issue of whether its decisions would be given prospective·or retrospective application. The difference in this case is that in *People v. DuMontelle* the supreme court made no change in a previously established judicial standard which had specified what fines and costs may be assessed. What the court did was to construe, for the first time, what the standard set out by the legislature meant. It established the standard through its construction and did not change an existing one. *Ellis* and *Wills* are not controlling in this circumstance. That circuit courts, in partial reliance upon an opinion of

the Attorney General, may have been applying an incorrect construction of the applicable standard does not furnish adequate grounds to restrict *DuMontelle* to prospective application only. Defendants who, prior to *DuMontelle*, had raised issues on review concerning the imposition of costs ought not be denied the benefit of *DuMontelle's* application consequently. We do not find that *DuMontelle* should be given prospective application only.

The determination by the supreme court in *DuMontelle* was effective and is binding on this court. The legislative amendments cannot be given retroactive effect and operate only prospectively.

The decision of the Circuit Court of Will County imposing costs upon the defendant in this case is reversed, for the reasons stated.

Reversed.

STOUDER, P. J., and STENGEL, J., concur.