152

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* RON S. PORTER *et al.*, Defendants-Appellees.

Fifth District No. 79-52

Opinion filed August 7, 1979.

Lloyd Middleton, State's Attorney, of Pinckneyville (Raymond F. Buckley, Jr., and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

R. N. Gandy, of Peek and Gandy, of Du Quoin, for appellees.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendants pleaded guilty to violations of the Cannabis Control Act (hereinafter "the Act") and were placed on probation pursuant to section 10 of the Act (Ill. Rev. Stat. 1977, ch. 56½, par. 710). Defendants later moved for a refund of the fines and costs, relying on *People v. DuMontelle* (1978), 71 Ill. 2d 157, 374 N.E.2d 205. The trial court granted the motions. The State appeals.

Each of the defendants was a first-time cannabis offender. In each case, the defendant entered a plea of guilty in return for the State's promise to recommend disposition under section 10 of the Act. In each case the trial court adopted the State's sentencing recommendation. Defendant Mix was fined $300 and ordered to pay costs of prosecution. Defendants Porter and Siefert were ordered to pay costs of prosecution. After the Illinois Supreme Court decided *DuMontelle*, defendants Porter and Siefert filed motions for refund of court costs, and defendant Mix filed a motion for the refund of his fine and costs. The trial court granted the motions, relying on *DuMontelle*.

The State contends that the trial court erred because the legislature, after the ruling in *DuMontelle*, amended the statute which *DuMontelle*

construed. In other words, the State contends that the amendment of the statute in question was entitled to a retrospective construction.

In *DuMontelle* the defendant pleaded guilty to the possession of cannabis in violation of the Cannabis Control Act (Ill. Rev. Stat. 1972 Supp., ch. 56½, par. 704(c)). The trial judge placed him on probation pursuant to section 10 of the Act (Ill. Rev. Stat. 1973, ch. 56½, par. 710), fined him $65 and assessed costs of $25 against him. The defendant appealed, claiming that section 10 did not authorize the imposition of a fine or the assessment of court costs. The supreme court held that section 10 of the Act prohibited the trial judge from imposing a fine or assessing court costs against the defendant. In so holding, the supreme court pointed out that probationary status under section 10 did not amount to an adjudication of guilt but was in the nature of a continuance and that no adjudication of guilt or judgment of conviction could be entered until the completion of the probationary period.

The State contends that we should not follow *DuMontelle* because after the *DuMontelle* decision the legislature amended section 10 of the Act to provide that payment of fine and costs were permissible under section 10 of the Act (Ill. Rev. Stat. 1978 Supp., ch. 56½, par. 710(c)(2), effective June 20, 1978).

The trial court's order of dismissal in pertinent part reads:

"3. Based upon the decision of the Illinois Supreme Court in the case of *People v. DuMontelle,* 374 N.E.2d 205, 15 Ill. Dec. 770, decided subsequent to the entry of the judgment order in this cause, it is the determination of the Court that the sentencing Court in this cause did not have authority to impose the condition that the Defendant pay Court costs or a fine.

4. This Court finds that the Legislature of the State of Illinois did not intend by its amendment to the provisions of The Cannabis Control Act to impose an ex post facto law, * * *."

We agree with the order of the trial court. *People v. Peach* (1976), 39 Ill. App. 3d 757, 350 N.E.2d 583; *People v. Bowling* (1976), 43 Ill. App. 3d 932, 357 N.E.2d 724.

For the foregoing reasons the judgment of the circuit court of Perry County is affirmed.

Judgment affirmed.

JONES, P. J., and KASSERMAN, J., concur.