The Honorable Vic Snyder State Senator State Capitol Little Rock, Arkansas 72201
Dear Senator Snyder:
This is in response to your request for an opinion on the constitutionality of sections 23, 24, and 25 of House Bill 1756.
It is my opinion that the application of section 23 of the bill, for a number of reasons, would be unconstitutional in most respects, and may be constitutionally suspect in all respects. Section 24 has little or no effect, and thus constitutionally is less important. The application of section 25, in my opinion, would be unconstitutional as an ex post facto law. Each questioned section of the act will be discussed separately below.
The title of the bill is as follows:
 AN ACT TO PROVIDE FOR THE STANDARDIZATION OF THE OPERATIVE LANGUAGE OF CERTAIN COURT COST STATUTES; TO PERMIT THE ALLOCATION AND DISTRIBUTION OF TIME OR PARTIAL PAYMENTS OF FINES AND COSTS IN MUNICIPAL COURTS, POLICE COURTS, CITY COURTS AND JUSTICE OF THE PEACE COURTS; TO STATE LEGISLATIVE FINDINGS; TO NEGATE LIABILITY ABSENT MALICE; AND FOR OTHER PURPOSES.
Essentially, the new bill amends many statutes providing for the imposition of court costs or fees which are to be deposited in various funds. See e.g., Arkansas Code Revision Fund, A.C.A.1-2-306(a)(2); Legal Education Fund, A.C.A. 6-64-603 (a)(1); and the County Jail Revenue Fund, A.C.A. § 12-41-617 (a) and (b). The effect of many of these amendments is to charge existing costs or fees in cases of traffic violations and violations of city ordinances and state statutes. Under current law, many of the statutes authorize the charging of the costs or fees only in felony or misdemeanor cases.
Section 23 of House Bill 1756 provides as follows:
 Waiver of Liability. After the effective date of this act, no municipal or county government may be held liable in any cause of action that may have accrued, is pending, or may in the future be filed for damages, costs, or attorneys' fees of any nature whatsoever, for the incorrect collection or failure to collect any court costs of any nature whatsoever absent proof of actual malice, provided that nothing in this section prohibits any party from seeking appropriate injunctive relief to estop the improper allocation of court costs.
The section above purports to foreclose liability against a city or county as to all causes of action which have accrued and in all pending litigation unless actual malice can be proven. Presumably this would include litigation pending in federal courts, on federal causes of action, and on state constitutional causes of action, as well as state common law or statutory causes of action.[1]
There are several reasons why section 23 is unconstitutional. First, to the extent it is applicable to actions pending in federal courts on federal causes of action, it is unconstitutional under the Supremacy Clause of the United States Constitution, Art. 6, § 2. The Arkansas Legislature is without power to alter the burden of proof in such cases.
Second, to the extent section 23 attempts to alter the burden of proof in state constitutional causes of action, (i.e. illegal exaction suits), it is unconstitutional. That provision, Arkansas Constitution, Art. 16, § 13, does not require a showing of malice, and the legislature is without power to add such a requirement to this constitutional provision. See, Mackey v.McDonald, 255 Ark. 978, 504 S.W.2d 726 (1974) (no fraud or bad faith need be shown by taxpayer seeking relief for illegal exaction).
Third, section 23 in its entirety may be violative of the separation of powers doctrine. See generally, United States Constitution and Arkansas Constitution, Art. 4, § 2. It has been held that the separation of powers doctrine suggests afortiori that the legislature may not disturb actions which have accrued under the judiciary's authority, and that judicial decisionmaking inherently requires courts to resolve conflicts after they arise. Gibson v. Commonwealth, 490 Pa. 156,415 A.2d 80 (1980). It has also been held that once the state has been sued and is in court, the determination of liability for damages is a judicial question. State v. La Plata River Cherry CreekDitch Co., 101 Co. 368, 73 P.2d 997 (1937). Our Arkansas Supreme Court has stated also that although a court will consider a statute passed during the pendency of an appeal, the legislature cannot, by enactment of a retrospective statute, exercise a power in its nature clearly judicial. Hartwick v. Thorne,300 Ark. 502 (1990) (on rehearing). See also generally, Burt v.Williams, 24 Ark. 91 (1862).
With respect to common law causes of action in state court, the bill in my opinion, would also be held unconstitutional. Ordinarily, the rule is that procedural or jurisdictional provisions will be applied to pending actions, and matters of substance will not. In re Resolution Trust Corp., 888 F.2d 57
(1988) and Gillioz v. Kincannon, 213 Ark. 1010, 214 S.W.2d 212
(1948). In the latter case, it was held that retrospective laws are unconstitutional if they interfere with substantive, or substantial rights, and are valid only if they affect remedies or procedure. Id. at 1018. Even though the bill, in section 24, proclaims itself remedial, it is my opinion that the change in the burden of proof found in section 23 of House Bill 1756 is substantive, and not procedural or remedial. Although "no simple formula can be evolved to determine the difference between the two," (Chism v. Phelps, 228 Ark. 936, 311 S.W.2d 297 (1958)) it has been held that a change in the burden of proof of this nature affects substantial rights, and does not merely relate to remedies or procedure. Bryant v. School Board of Duval County,399 So.2d 417 (Fla. 1981) and Barrick v. District of Columbia,173 A.2d 372 (D.C. 1961). It is thus my opinion that section 23, as applied to common law causes of action would be held unconstitutional.
The issue as to statutory causes of action is important because in House Bill 1756, the legislature has repealed a statutory remedy for the wrongful collection of court costs. The bill, in section 19 repeals A.C.A. § 16-68-409 (b)(2). This "retaxation" statute provides a statutory remedy for the recalculation of erroneously charged court costs. It has been held that the legislature has the power to withdraw jurisdiction of the courts over statutory causes of action and the exercise of that power leaves all such causes of actions and pending suits where the repeal finds them. Shelton v. City of Chicago, 42 Ill.2d 468,248 N.E.2d 121 (1969). Additionally, it has been stated that "[e]very right or remedy created wholly by statute subsequently repealed falls within the repeal of the act which created it." 82 C.J.S. Statutes, § 434 at 1009. The Arkansas Supreme Court has cited C.J.S. with authority in stating that: "[w]here, however, the statute is regarded not as creating a right, but only as providing a remedy where none existed at common law, its repeal has the effect of taking away the remedy for acts or omissions occurring while the statute was still in force." Chism v.Phelps, supra at 940.
It is uncertain whether A.C.A. § 16-68-409 (b)(2) created a new right, or only provided a remedy where none existed at common law. Under the latter interpretation, section 23 of House Bill 1756, as it operates to forestall an action accrued or pending under A.C.A. § 16-68-409 (b)(2), may be constitutional. It is difficult, however, to conceive that there was no common law right to sue and recover on improper costs levied by a public official. Clearly, an illegal exaction suit under the Arkansas Constitution will lie in such an instance. Parker v. Laws,249 Ark. 632, 460 S.W.2d 337 (1970). If the statute did create a "new right", then the application of the repeal of the statute to pending cases would be unconstitutional. In any event, we should note that this is the only application of this section (application to statutorily created causes of actions) which in my opinion, is even arguably constitutional.[2]
Section 24 of House Bill 1756 provides that: "This act is hereby declared to be remedial in nature and is to be liberally construed to effect its purpose." This section has little impact on the constitutionality of the bill. By stating that the act is remedial in nature, the legislature is attempting to enhance its chances at constitutionality, as remedial acts may be applied retroactively as well as prospectively. As stated earlier, however, the legislative labeling of a measure as remedial, does not make it remedial. The term "remedial law" denotes legislation providing means or method whereby causes of action may be effectuated, wrongs redressed, and relief obtained. Black's LawDictionary 1162 (5th ed. 1979). It appears that House Bill 1756 does not provide a means for a remedy. It attempts it part to severely restrict recovery under existing remedies.
Section 25 of House Bill 1756 provides that "[t]his act is expressly declared to be retroactive in application to the extent necessary to effect its purpose." It is unclear which parts of the bill must be given retroactive effect to effect its purpose. It is my opinion, however, that to the extent the bill is applied retroactively to offenses occurring prior to its enactment, in certain applications it will constitute an ex post facto law prohibited by both the U.S. and Arkansas Constitutions. See
Art. 1, § 10 and Art. 2, § 17, respectively.
Ex post facto laws relate to crimes as opposed to civil actions and an "ex post facto" law makes an act criminal which was not criminal at the time it was committed, or declares an offense to be punishable in a manner that it was not punishable at the time it was committed. Southern Kraft Corporation v. Hardin,205 Ark. 512, 169 S.W.2d 637 (1943). There are two critical elements which must be present for a criminal law to be ex post facto: (1) It must be retrospective, i.e., it must apply to events occurring before its enactment, and (2) it must disadvantage the defendant.Brown v. Lockhart, 288 Ark. 483, 707 S.W.2d 304 (1986).
House Bill 1756 is clearly retroactive, to the extent necessary to effect its purposes. See section 25. Because the bill would retroactively apply new fees, penalties or court costs to defendants committing, prior to enactment of the bill, offenses to which these costs were not chargeable under the law at the time the offenses or violations were committed, it disadvantages the defendants by increasing the penalty for these offenses and would therefore be an unconstitutional ex post facto law as applied to them. The courts of many states have so held. SeeHarnsbrough v. State, 530 So.2d 471 (Fla. 1988); State v.Yost, 507 So.2d 1099 (Fla. 1987), and other Florida cases too numerous to cite herein; State v. Short, 350 S.E.2d 1 (W.Va. 1986); People v. Timmons, 114 Ill. App.3d 861, 449 N.E.2d 1366
(1983); State v. Davis, 645 S.W.2d 160 (Mo. 1982); and Peoplev. Harris, 69 Ill. App.3d 118, 387 N.E.2d 33 (1979).
It is therefore my opinion that the retroactive application of House Bill 1756, as indicated by section 25 thereof, will create unconstitutional ex post facto problems.
Thus, it is my opinion that the application of section 23 of the bill will be unconstitutional in most respects, section 24 is constitutionally unimportant, and the application of section 25 of the bill would be unconstitutional as an ex post facto law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] We are aware of the fact that litigation is currently pending challenging the collection of the court costs addressed by House Bill 1756. The ultimate resolution of the bill's constitutionality, if passed, will be made by the court faced with the question. We will, however, discharge our statutory duty of rendering opinions on the constitutionality of proposed bills, with the acknowledgement that this opinion is merely advisory and will in no way be binding upon a court faced with the issue.
[2] Also, the retroactive repeal of A.C.A. § 16-68-409 in this manner is contrary to A.C.A. § 1-2-120, which provides in subsection (c) that "[n]o action, plea, prosecution, or proceeding, civil or criminal, pending at the time any statutory provision is repealed shall be affected by the repeal but shall proceed in all respects as if the statutory provisions had not been repealed." It has been held that subsection (c) has reference to substantive law and does not apply to mere changes in procedure. Fort Smith Gas Co. v. Kincannon, 202 Ark. 216,150 S.W.2d 968 (1941). This is a legislative provision, however, and can be superseded by a later legislative enactment, (i.e. House Bill 1756, if enacted) if the intent is clear.