THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DEWAYNE WILLHOITE, Defendant-Appellant.

Fourth District   No. 4—90—0840

Opinion filed May 1, 1991, *nunc pro tunc.*

Daniel D. Yuhas and Lori L. Mosby, both of State Appellate Defender's Office, of Springfield, for appellant.

Tony Lee, State's Attorney, of Paxton (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Following a jury trial conducted in the circuit court of Ford County, defendant Dewayne Willhoite was found guilty of theft of property having a value in excess of $300 (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(a)(1)) for an incident which occurred on April 21, 1988, and he was sentenced to 30 months' probation. Among the conditions of probation were the requirements that defendant (1) pay a probation fee of $25 per month, (2) serve a term of "periodic" imprisonment of six months, and (3) pay $800 restitution.

On appeal, defendant raises five issues. The first issue to be considered is whether the trial court's sentencing order properly charac-

terized the imprisonment as "periodic" because the order does not indicate any times of release within the six-month period. Nor does the order suggest a purpose for defendant's periodic release. Arguing that day-for-day good-time credit does not apply to periodic imprisonment (Ill. Rev. Stat. 1989, ch. 75, par. 32), defendant contends the cause should be remanded for an issuance of an amended order omitting the word "periodic." The State concedes this point. As a result, the cause will be remanded for an appropriate modification of the sentencing order and other court documents.

The second issue is whether the trial court erred by including in the sentencing order the following directive:

> "In the event this probation should subsequently be revoked, time served on this probation shall not be credited by the Court against any sentence of imprisonment or periodic imprisonment subsequently imposed."

■■ ■ In resentencing a defendant following a revocation of probation, time served on conditional discharge or supervision shall not be credited against a sentence of imprisonment in the absence of a court order to that effect. As the State indicates, the sentencing court has broad discretion in granting or refusing credit for time served on probation. (*People v. Cozad* (1987), 158 Ill. App. 3d 664, 511 N.E.2d 211.) However, it would seem appropriate for the determination to be made by the judge who sentences the defendant following revocation of probation and not by the judge who sentenced the defendant to probation. A similar predetermination was vacated in *People v. Hancock* (1986), 143 Ill. App. 3d 1027, 493 N.E.2d 730, wherein the trial court ordered that in the event the defendant did not pay restitution within 3½ years of a 4-year probation, defendant was to spend the last six months of the probation in the county jail. In vacating that portion of the order, the appellate court reasoned that the trial court could not predetermine that the failure to pay restitution would be wilful.

■■ In the case at bar, the factors pertinent to the awarding or refusing to award credit in the event of probation revocation may change dramatically during the term of a 30-month probation. As a result, it is inappropriate for the judge who sentences a defendant to probation to predetermine whether credit should be given for probation in the event the probation is subsequently revoked. To allow this trial court to make such a predetermination would remove discretion from the judge who would impose a sentence following probation revocation. Accordingly, the portion of the sentencing order directing that no credit be given for time served on probation

in the event defendant is resentenced following a probation revocation is vacated.

■ Next, one of the conditions of defendant's probation is that he pay $25 to the Crime Victims Assistance Fund. However, the statute which authorizes the ordering of such a payment sets a $25 fine for crimes of violence and $20 for other felonies and misdemeanors. (Ill. Rev. Stat. 1989, ch. 70, par. 510(c).) Since the section defining defendant's offense of theft is not included in the definition of crimes of violence (Ill. Rev. Stat. 1989, ch. 70, par. 72(c)), the State concedes that the appropriate fine should have been set at $20. On remand, the trial court is directed to amend the order of probation to reflect the correct amount of this fine.

The fourth issue is whether the portion of the sentencing order directing defendant to pay a probation fee must be vacated because the statute which authorizes the imposition of such a fee has an effective date of January 1, 1989. (Pub. Act 85—1256, §2, eff. Jan. 1, 1989 (1988 Ill. Laws 2534, 2535); see Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—3(h).) While defendant was sentenced subsequent thereto, the offense was committed prior to the effective date. Defendant argues that he was denied due process because he was not allowed to elect to be sentenced under prior law, as opposed to the law in effect at the time of the sentencing hearing.

■■ ■ A defendant is entitled to such an election where there has been a change in the law which is retrospective, affects substantial rights, and disadvantages defendant. (*People v. Felella* (1989), 131 Ill. 2d 525, 546 N.E.2d 492; U.S. Const., art. I, §10; Ill. Const. 1970, art. I, §16.) The election is offered to alleviate any potential prejudice to defendant from *ex post facto* legislation. However, the prohibition against *ex post facto* laws applies when the newly enacted legislation potentially increases the severity of the penalties for the previously committed crimes. (See *People v. Hollins* (1972), 51 Ill. 2d 68, 280 N.E.2d 710; *People v. Strebin* (1991), 209 Ill. App. 3d 1078.) The prohibition against *ex post facto* laws does not require that defendant be provided an election between the laws to be applied where the change in the law is procedural. (*Felella*, 131 Ill. 2d 525, 546 N.E.2d 492.) The State argues the imposition of costs which are compensatory are considered procedural matters even though the assessment creates an additional liability on defendant because such assessments are not considered punitive in nature. (See *People v. Timmons* (1983), 114 Ill. App. 3d 861, 449 N.E.2d 1366; *People v. Harris* (1979), 69 Ill. App. 3d 118, 387 N.E.2d 33; *People v. DuMontelle*

(1977), 49 Ill. App. 3d 187, 364 N.E.2d 95, *rev'd on other grounds* (1978), 71 Ill. 2d 157, 374 N.E.2d 205.) The State's reliance on *People v. Johnson* (1988), 175 Ill. App. 3d 908, 530 N.E.2d 627, is misplaced, however. In *Johnson*, the statute was amended to allow courts to tax an extradition fee. The legislative history demonstrated that the legislature's intent was that the original statute was intended to cover extradition fees and the amendment was necessary only to rectify the courts' interpretation to the contrary. No such amendment with corresponding legislative history is involved in the case at bar.

■ Nevertheless, the probation fee in the instant case is not an additional penalty. Instead, it is a compensable cost designed to offset the rising cost of probation as an alternative to imprisonment. As such, the taxing of such a fee is procedural and no election need be provided to defendant. The requirement the defendant pay said fee is affirmed.

■ The final issue is whether defendant is entitled to eight days' credit toward his sentence of imprisonment for time spent in jail prior to sentencing. The State concedes defendant is entitled to credit for eight days spent in jail from May 25 to June 1, 1990. Therefore, on remand the order and documents of the court should be amended to reflect that credit is given for eight days defendant was in jail prior to sentencing.

For the foregoing reasons, while the defendant's conviction is affirmed, the sentencing order of the circuit court is vacated in part, and the cause is remanded with directions.

Affirmed in part; vacated in part and remanded with directions.

LUND, P.J., and McCULLOUGH, J., concur.