KYLE TAYLOR, Plaintiff-Appellee, v. THE COUNTY OF PEORIA, Defendant-Appellant.

Third District   No. 3—98—0763

Opinion filed April 25, 2000.

Kevin W. Lyons, State's Attorney, of Peoria (Donald J. Toohill (argued), Assistant State's Attorney, of counsel), for appellant.

Gary E. Orr and D. Michael Rickgauer (argued), both of Orr, Dvorak & Associates, of East Peoria, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Plaintiff Kyle Taylor filed a class action against the County of Peoria (Peoria), alleging that a fee imposed by the sheriff of Peoria for the taking of bail was not authorized by the Counties Code (55 ILCS 5/1—1001 *et seq.* (West 1996)). Peoria moved to dismiss Taylor's claim. The trial court denied Peoria's motion and certified a question of law for review. We granted Peoria's petition for leave to appeal. On June 15, 1999, this court issued its opinion, holding that bail on criminal process is within the exclusive province of the Code of Criminal Procedure of 1963 (Criminal Code) (725 ILCS 5/110—7 through 110—15 (West 1996)). The legislature subsequently enacted Public Act 91—94, amending the Counties Code and the Criminal Code to allow the contested fee. Pub. Act 91—94, eff. January 1, 2000 (amending 55 ILCS 5/4—5001 (West 1996), and 725 ILCS 5/110—7(b) (West 1996)). Peoria petitioned for rehearing. We hold that Public Act 91—94 only provides a procedural change in the law and therefore applies to the case at bar.

## FACTS

Following the issuance of our opinion, the legislature amended section 4—5001 of the Counties Code to allow sheriffs of counties of the first and second class to impose and collect a fee for taking "all bonds on legal process, civil and criminal." Pub. Act 91—94, eff. January 1, 2000 (amending 55 ILCS 5/4—5001 (West 1996)). Also amended was section 110—7 of the Criminal Code, which now provides that bail bond may include any additional "bond fee authorized by law." See Pub. Act. 91—94, eff. January 1, 2000 (amending 725 ILCS 5/110—7(b) (West 1996)). Peoria petitioned for rehearing.

## ANALYSIS

The sole issue before us is whether the amendments contained in Public Act 91—94 affect the present controversy.

Peoria argues that the amendments are applicable to this case; therefore, the contested fee was permissible. Taylor responds that the fee he paid remains improper because the recent amendments affect a vested right.

■ Appellate courts will apply the law as it exists at the time of appeal, unless doing so interferes with a vested right. *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 289, 664 N.E.2d 36, 39 (1996). A vested right has been defined as "an expectation that is so far perfected that it cannot be taken away by legislation." *Armstead*, 171 Ill. 2d at 290-91, 664 N.E.2d at 40. It is "a complete and unconditional demand or exemption that may be equated with a property interest." *Armstead*, 171 Ill. 2d at 291, 664 N.E.2d at 40.

■ The legislature has no constitutional authority to enact an amendment that impedes a vested right. *Armstead*, 171 Ill. 2d at 290, 664 N.E.2d at 40. But amendatory legislation may apply to an existing controversy "[w]here no vested rights are involved, either because they are not yet perfected or because the amendment is procedural in nature." *Armstead*, 171 Ill. 2d at 290, 664 N.E.2d at 40.

■ Section 4—5001 of the Counties Code, as amended, allows sheriffs of counties of the first and second class to collect a $1 fee for the taking of "all bonds on legal process, civil and criminal." That section also allows the fee to be increased where necessary "to cover the costs of providing the service." Pub. Act 91—94, eff. January 1, 2000 (amending 55 ILCS 5/4—5001 (West 1996).

■ Peoria increased the fee from $1 to $15. Amending the Counties Code and the Criminal Code to allow for this fee does not implicate a vested right, as the taxing of such a fee is procedural in nature. See *People v. Willhoite*, 212 Ill. App. 3d 307, 311, 571 N.E.2d 249, 252 (1991) (requiring a fee for individuals on probation in order to offset the rising costs of probation is a matter of procedure); *People v. Johnson*, 175 Ill. App. 3d 908, 919, 530 N.E.2d 627, 635 (1988) (court deemed "the assessment of additional costs to be predominantly a procedural matter"). Thus, the law in its present state should be applied to the facts of this case. Accordingly, Taylor's claim is without merit; the fee imposed upon Taylor is not recoverable, as the sheriff of Peoria is authorized to impose and collect a fee for taking all bonds on criminal process.

The certified question of the circuit court of Peoria County is answered.

Certified question answered.

SLATER, P.J., and HOLDRIDGE, J., concur.