Argued and submitted November 5, reversed November 8, reconsideration denied December 13, 1979, petition for review denied January 22, 1980 (288 Or 493)

## STATE ex rel ANDERSON,
### *Respondent,*
### *v.*
### HAAS,
### *Appellant.*

(No. A 7908-03914, CA 15914)

602 P2d 346

David L. Hattrick, Deputy District Attorney, Portland, argued the cause and filed the brief for appellant.

Janet L. Hoffman, Metropolitan Public Defender, Portland, argued the cause and filed the brief for respondent.

[169]

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Plaintiff, who has been indicted and is awaiting trial for a Class A felony, brought this mandamus proceeding to compel defendant, the Multnomah County District Attorney, to consider plaintiff for diversion pursuant to ORS 135.881 *et seq,* as an alternative to prosecution at the present time.[1] The alternative writ of mandamus alleges, in essence, that defendant declined to consider plaintiff for diversion because it is defendant's policy or practice not to divert persons who are charged with Class A felonies. Defendant demurred to the alternative writ on the grounds it did not state sufficient facts to constitute a cause of action. The trial court overruled the demurrer, defendant refused to plead further, and the court ordered the issuance of a peremptory writ of mandamus commanding defendant to consider plaintiff for diversion. We reverse.

The parties' principal disagreement is over the meaning of ORS 135.886, which provides:

"(1) After an accusatory instrument has been filed charging a defendant with commission of a crime, and after the district attorney has considered the factors listed in subsection (2) of this section, if it appears to the district attorney that diversion of the defendant would be in the interests of justice and of benefit to the defendant and the community, the district attorney may propose a diversion agreement to the defendant the terms of which are established by the district attorney in conformance with ORS 135.891.

"(2) In determining whether diversion of a defendant is in the interests of justice and of benefit to the defendant and the community, the district attorney shall consider at least the following factors:

"(a) The nature of the offense; however, the

---

[1] ORS 135.881(2) provides:

" 'Diversion' means referral of a defendant in a criminal case to a supervised performance program prior to adjudication."

[171]

offense must not have involved injury to another person;

"(b)   Any special characteristics or difficulties of the offender;

"(c)   Whether the defendant is a first-time offender; if the offender has previously participated in diversion, according to the certification of the State Court Administrator, diversion shall not be offered;

"(d)   Whether there is a probability that the defendant will cooperate with and benefit from alternative treatment;

"(e)   Whether the available program is appropriate to the needs of the offender;

"(f)   The impact of diversion upon the community;

"(g)   Recommendations, if any, of the involved law enforcement agency;

"(h)   Recommendation, if any, of the victim;

"(i)   Provisions for restitution; and

"(j)   Any mitigating circumstances."

The parties agree that the statute gives the district attorney discretion over whether to offer diversion to a criminal defendant.[2] Plaintiff argues that, although that final diversion decision is discretionary, the district attorney has a mandatory duty to consider *all* of the factors enumerated in ORS 135.886(2) with respect to *every* criminal defendant before exercising his discretion to offer or not to offer diversion. Defendant district attorney argues that the factors set forth in ORS 135.886(2) have no bearing on his decision *unless* he decides to consider diversion. In sum, plaintiff interprets ORS 135.886 as establishing a right for all persons charged with crimes to be considered for diversion in light of the specific factors listed in subsection (2), while defendant contends that a district attorney has discretion over whether to consider a criminal defendant for diversion, and that his decision to consider diversion is a condition precedent to any require-

---

[2] ORS 135.886(2)(a) and (c), respectively, prohibit district attorneys from proposing diversion to persons accused of offenses involving inquiry to another person and to persons who have previously participated in diversion. Neither prohibition is relevant here.

ment that he consider the factors enumerated in ORS 135.886(2).

In our view, plaintiff's interpretation of the statute is not consistent with the language or the practical operation of ORS 135.886(2). As noted, plaintiff agrees that the statute confers discretion on a district attorney to decide whether or not a particular criminal defendant will be offered diversion. If a district attorney's decision is discretionary, he necessarily must have authority to regard any *particular* factor or combination of factors—including but not necessarily limited to those specified in ORS 135.886(2)—as being dispositive for or *against* diversion. Nothing in ORS 135.886(2) suggests that the district attorney must weigh the factors listed in that subsection in a particular way, or that he cannot give decisive weight to any one or any combination of the factors in arriving at a decision regarding diversion.

A particular district attorney might conclude that he will *never* exercise his discretion by offering diversion to persons charged with particular kinds of offenses, *e.g.,* offenses of a given degree (such as Class A felonies), or offenses which he feels are susceptible to and in need of deterrence (such as shoplifting). ORS 135.886(2)(a) provides that one of the factors for the district attorney to consider is "[t]he nature of the offense." If the district attorney has decided that he will never offer diversion in cases involving offenses committed in a particular manner, the subsection would be rendered absurd by an interpretation which *requires,* in cases where such offenses are involved, that he *consider all* of the factors it enumerates when *one* of the factors conclusively determines how he will exercise his discretion.

According to plaintiff's allegations, the above example precisely duplicates what happened here. The district attorney has decided that persons charged with Class A felonies will not be diverted. We do not construe the statute as requiring him to perform the

futile gesture of considering the other nine factors enumerated in ORS 135.886(2) when his decision not to divert is and properly can be based on the single factor specified in ORS 135.886(2)(a).

In addition to his statutory argument, plaintiff contends that he has been denied equal protection (US Const, Amend XIV; Or Const, Art I, § 20), and due process (US Const, Amend XIV) by defendant's refusal to consider him for diversion. As we understand plaintiff's constitutional arguments, both presuppose the existence of the statutory right which we have concluded the legislature has not conferred on him.[3]

The demurrer to the alternative writ should have been allowed.

Reversed.

---

[3] Plaintiff does *not* contend that if he has no statutory right to be considered for diversion, defendant's policy against diversion of persons charged with Class A felonies is arbitrary or capricious or constitutes a classification lacking rational support.