Argued and submitted April 23, affirmed July 21, 1982

STATE OF OREGON,
*Respondent,*
*v.*
GARY MORRIS GRAVES,
*Appellant.*

(No. C 81-01-30059, CA A22470)

648 P2d 866

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant was convicted of forgery in the first degree. He argues on appeal that the trial court erred by denying his motion for drug diversion pursuant to ORS 430.450 *et seq* and ORS 135.881 *et. seq.* We affirm.

■ Prior to trial, defendant moved the court for drug diversion in lieu of prosecution. A hearing was held on the motion, at which time the district attorney informed the court that defendant did not qualify for diversion. The court denied the motion.

Defendant argues first that the diversion statutes confer upon drug-dependent defendants a *right* to choose treatment in lieu of prosecution. They do not. ORS 430.485 clearly places the choice whether to divert a defendant solely within the discretion of the prosecutor, with approval of the court. It provides:

"When the results of the evaluation obtained under ORS 430.460 or 430.465 indicate that the defendant is a drug-dependent person within the meaning of ORS 430.450 to 430.555, and the results of the evaluation indicate that such person may benefit in a substantial manner from treatment for drug dependence, the prosecutor, with the concurrence of the court, may direct the defendant to receive treatment as a contingent alternative to prosecution. If defendant refuses treatment, criminal proceedings shall be resumed."

The statute contains nothing to indicate that the defendant may *choose* to undergo treatment in lieu of prosecution.

Defendant argues next that the trial court's denial of his motion for diversion denied him due process and equal protection and violated the separation of powers provisions of the Oregon Constitution.

### DUE PROCESS

■ Defendant reasons from the erroneous premise that Oregon's drug-diversion statute "clearly identifies defendant's 'Right' to choose treatment as an alternative to prosecution" to the conclusion that, by refusing to grant him such a "right," the district attorney caused defendant "to suffer grievous loss to protected liberty and property interests, including loss to his 'good name, reputation,

honor or integrity.' " As we have held above, the diversion statutes do not provide defendant with the right to choose treatment in lieu of prosecution. We therefore reject defendant's due process argument, because it is based upon the existence of a statutory right that does not exist. *See also State ex rel Anderson v. Haas,* 43 Or App 169, 174, 602 P2d 346 (1979), *rev· den* 288 Or 493 (1980).[1]

## EQUAL PROTECTION

Defendant argues that, when a defendant meets the minimum qualifications to be considered for diversion under the statute, any "additional criteria" used by a district attorney in the exercise of his statutorily created discretion must be shown to have a rational relationship to some legitimate, articulated state interest. Defendant concludes that an equal protection analysis requires:

"Weighing the District Attorney's interest in adding criteria against defendant's fundamental due process interests as described above, as well as defendant's and society's interests in defendant's reformation, * * * defendant's and society's interests in curing illness, * * * and society's interest in a solvent criminal justice system."

■ It is difficult to determine the constitutional basis for defendant's equal protection argument; he cites neither the federal nor the Oregon constitution in its support. We will assume that it is based on both.[2] Defendants who are eligible generally for drug diversion are not members of any suspect class, and they have no fundamental right to obtain such treatment. The district attorney therefore needed only a rational basis for his decision against diverting defendant, under federal constitutional due process analysis. *San Antonio Independent School Dist. v. Rodriquez,* 411 US 1, 93 S Ct 1278, 36 L Ed 2d 16 (1973); *See Cooper v. OSAA,* 52 Or App 425, 629 P2d 386, *rev den* 291 Or 504,

---

[1] Defendant was afforded a full adversarial hearing at which to challenge the decision not to divert him. This would satisfy due process if it were required.

[2] As we pointed out in *Cooper v. OSAA,* 52 Or App 425, 432, 629 P2d 386, *rev den* 291 Or 504 (1981):

"The Oregon Supreme Court has recognized that the scope of Art I, § 20 [the Privileges and Immunities Clause of the Oregon constitution upon which an equal protection argument would be based] and that of the Federal Equal Protection Clause are generally the same. *See, e.g., City of Klamath Falls v. Winters,* 289 Or 757, 769, n 10, 619 P2d 217 (1980)."

634 P2d 1347 (1981). The test for denial of equal protection under the *Oregon* constitution is whether, on balance, the detriment caused to defendant is greater than the state's justification for its decision. *Olsen v. State ex rel Johnson,* 276 Or 9, 554 P2d 139 (1976); *Cooper v. OSAA, supra.*

■     The district attorney's reasons for denying diversion were articulated at the hearing on the motion. The district attorney introduced in evidence his office's unpublished, internal guidelines for diversion treatment that include, among other factors weighing against diversion, a defendant's prior conviction for a crime of violence. He also introduced a portion of defendant's criminal record, which indicated that defendant had previously been convicted of "strongarm rape" in the third degree. The internal guidelines also stated a general policy that diversion would be limited to crimes that are drug-related and victimless. Defendant's crime in this case, forgery, was not victimless. These justifications outweigh the detriment caused to defendant by prosecution. We reject defendant's equal protection argument. *See Cooper v. OSAA, supra; Olsen v. State ex rel Johnson, supra.*

## SEPARATION OF POWERS

Defendant next argues that, as an officer of the executive branch, "the District Attorney's power is limited to what the legislature has delegated, with appropriate standards." Under the drug-diversion statutes, defendant concludes, district attorneys are given unfettered discretion to "veto" diversion in violation of the separation of powers established by the Oregon Constitution, Article 3, Section 1 and Article 7, Section 1.

■     ORS 430.485 gives prosecutors significant discretion in deciding whether to grant diversion. Following an evaluation that indicates a defendant "may benefit in a substantial manner" from treatment for drug dependence, "the prosecutor, with the *concurrence* of the court, *may direct* the defendant to receive treatment as a contingent alternative to prosecution." (Emphasis supplied.)

The right of district attorneys to choose whether to prosecute a given defendant is well-established and is not challenged by defendant in this appeal. For purposes of

separation of powers analysis, the power to decide whether to divert a defendant for drug treatment is no more intrusive on the judicial branch than the power to decide whether to take any action against a defendant at all. We conclude that the discretion involved here did not unduly. encroach upon a judicial function.

■        Finally, defendant's brief can be interpreted as arguing that the court erred by denying him *evaluation* to determine whether he was drug-dependent. We agree. ORS 430.455 permits an arresting officer to inform arrestees reasonably suspected of being "drug-dependent" of their right to evaluation. ORS 430.470(1) provides that an officer of the court or a diversion coordinator may also advise such persons of their right to evaluation. ORS 430.470(2) *requires* the judge to apprise such person of that right at the time of arraignment. Defendant had a statutory right to evaluation if he reasonably could have been suspected of being drug-dependent. At the hearing on his motion, defendant introduced his affidavit in which he described a lengthy history of drug-related problems and claimed that the forgery offense for which he had been indicted was committed to obtain money with which to purchase drugs. That evidence clearly provided a reason to suspect that he was drug-dependent. Defendant was entitled to evaluation.

The district attorney's decision to deny diversion, however, did not depend on whether defendant was drug-dependent. We understand the reasons he cited for denial—a previous violent crime and that the crime alleged was not victimless—were regarded by him as sufficient to deny diversion, even if the results of an evaluation indicated that defendant was drug-dependent. The error was therefore harmless. *See State v. Evans,* 290 Or 707, 715-16, 625 P2d 1300 (1981).

Affirmed.