THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SCOTT CALDWELL, Defendant-Appellant.

Third District   No. 3—83—0133

Opinion filed October 31, 1983.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE ALLOY delivered the opinion of the court:

This case presents the question of whether a defendant who is ordered to undergo treatment pursuant to the provisions of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1981, ch. 91½, pars. 120.8, 120.9) may also be ordered to pay restitution and court costs.

■■ ■ The Dangerous Drug Abuse Act provides, *inter alia,* a defendant addict charged with a crime to elect treatment for his addiction under a supervised program instead of prosecution. (Ill. Rev.

Stat. 1981, ch. 91½, par. 120.8.) Not all defendants are eligible under this Act. Among those who are not are those charged with a violation of the Cannabis Control Act (Ill. Rev. Stat. 1981, ch. 56½, pars. 701 through 719) and the Illinois Controlled Substances Act (Ill. Rev. Stat. 1981, ch. 56½, pars. 1100 through 1603). If the court determines that a defendant is eligible for treatment, then the pending criminal proceeding is continued, without final disposition, during the period of the treatment program. (Ill. Rev. Stat. 1981, ch. 91½, par. 120.9.) Upon successful completion of the treatment program, the charge against the defendant must be dismissed. (*People v. Moore* (1982), 108 Ill. App. 3d 260, 439 N.E.2d 98.) The question which we must decide is whether the trial judge may impose additional conditions, namely the payment of court costs and restitution, at the time he orders treatment.

Prior to resolving this question it is first necessary to touch briefly on the facts. The defendant, Scott Caldwell, was charged by information in the circuit court of Rock Island County with having committed the offense of residential burglary on June 6, 1982, in violation of section 19—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 19—3). On November 1, 1982, the defendant filed a motion to elect treatment pursuant to the Dangerous Drug Abuse Act, alleging that he was an addict. In connection with his motion, the defendant appeared before the court on November 9, 1982, and waived his right to a speedy trial and to a trial by jury. On December 12, 1982, the court heard testimony as to the dual marijuana and alcohol addiction of the defendant.

On January 12, 1982, after hearing stipulated evidence, the court found the defendant to be guilty of the offense of residential burglary as charged and placed him on a term of supervision for treatment pursuant to section 9 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1981, ch. 91½, par. 120.9). Over the objection of the defendant, the court ordered him to pay court costs and restitution in the amount of $437.96 within one year. The order stated that the cause was to be continued without final disposition pending completion of the treatment program.

On appeal before this court, the defendant argues that the general sentencing provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3 *et seq.*) may not be applied to a defendant who has been placed on supervision pursuant to section 9 of the Dangerous Drug Abuse Act. The defendant's position is that the Dangerous Drug Abuse Act must explicitly authorize the imposition of court costs and restitution; otherwise, the court lacks the au-

thority to enter such an order. Alternatively, the defendant argues that the amount of restitution was excessive.

In support of his position, the defendant relies heavily on *People v. DuMontelle* (1978), 71 Ill. 2d 157, 374 N.E.2d 205, in which the supreme court determined that a comparable provision of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 710) did not authorize the imposition of a fine on the defendant because "section 10 treatment is in the nature of a continuance, and does not amount to a conviction under the Unified Code of Corrections." (*People v. DuMontelle* (1978), 71 Ill. 2d 157, 164.) The statute in question in *DuMontelle* authorized the court to impose "reasonable terms and conditions" of probation and the court reasoned that, since a fine is a punitive measure, it would be incongruous to impose a fine as a condition of probation in light of the "general lenient purpose" of the Act. (71 Ill. 2d 157, 164-65, 374 N.E.2d 205, 208.) The court reached the same conclusion with regard to the imposition of court costs, reasoning that such costs were not authorized by the Cannabis Control Act and that a conviction under the Unified Code of Corrections is a necessary prerequisite to activate the court's authority to impose such costs. (Ill. Rev. Stat. 1973, ch. 38, par. 180—3.) In each instance, the court based its decision on the premise that "dispositions imposed by the courts must be authorized by law." (*People v. DuMontelle* (1978), 71 Ill. 2d 157, 164, 374 N.E.2d 205, 208; *People v. Breen* (1976), 62 Ill. 2d 323, 342 N.E.2d 31.) The same reasoning has been applied to the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1410) with the same result. (*People v. Harris* (1979), 69 Ill. App. 3d 118, 387 N.E.2d 33.) The defendant thus concludes that, since final judgment was not entered and further proceedings were deferred, *DuMontelle* requires this court to vacate the order of court costs and restitution.

In reply, the State argues that, after *DuMontelle*, the General Assembly amended the Cannabis Control Act and the Illinois Controlled Substances Act to expressly allow for the assessment of fines and costs. (Ill. Rev. Stat. 1981, ch. 56½, pars. 710(c)(2), 1410(c)(2); prospective application only, *Roth v. Yackley* (1979), 77 Ill. 2d 423, 396 N.E.2d 520.) The State reasons that these amendments made it clear that, despite the "general lenient purpose," fines and costs may properly be assessed against such defendants and that the same is also true with respect to the Dangerous Drug Abuse Act. Therefore, by analogy, the intent of the General Assembly should be applied to the Dangerous Drug Abuse Act also.

The State further argues that the trial court should be "permitted

to consider" the conditions enumerated in section 5—6—3.1 of the Unified Code of Corrections pertaining to supervision (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—3.1), in determining which conditions to impose under section 9 because the legislative intent underlying both section 9 and section 5—6—3.1 is the same. The State, however, fails to point us to any authority in support of its theory.

■■ ■ We agree with the defendant that the supreme court's reasoning in *DuMontelle* is equally applicable to the statute in the instant case. Both the Dangerous Drug Abuse Act and the Cannabis Control Act are directed at providing a treatment option to those charged with a crime. The difference is that the latter is addressed to defendants charged with crimes involving drugs while the former is not.

■■ ■ Although neither party directed our attention to it, we find the supreme court's opinion in *People v. Teschner* to be decisive. In that case, the court stated that "[f]rom the express wording of the statute, it is apparent that the legislature intended treatment under the Dangerous Drug Abuse Act to be *an alternative to the normal ambit of prosecution or sentencing under the Unified Code of Corrections.*" (Emphasis added.) (*People v. Teschner* (1980), 81 Ill. 2d 187, 191, 407 N.E.2d 49, 51.) The court then went on to observe:

> "This court, on several occasions, has reviewed the Dangerous Drug Abuse Act and noted the differences between it and the Unified Code of Corrections. *** The treatment under the Act, unlike a sentence, is not a consequence of defendant's guilt. It is instead *an alternative to a criminal conviction and the regular sentencing alternatives available under the Unified Code of Corrections.*" (Emphasis added.) (81 Ill. 2d 187, 192, 407 N.E.2d 49, 52.)

The court concluded that the provisions of the Unified Code of Corrections should not be superimposed upon the provisions of the Dangerous Drug Abuse Act.

We find *Teschner* to be determinative. There being no statutory authorization within the Dangerous Drug Abuse Act for the court's imposition of court costs and restitution, we find that that part of the court's order must be vacated. It is therefore unnecessary to discuss the defendant's alternate issue.

Order vacated in part.

STOUDER, P.J., and HEIPLE, J., concur.