Kirk **HUDSON**, Appellant (Defendant),

v.

The **STATE** of **Wyoming**, Appellee (Plaintiff).

No. 89–83.

Supreme Court of Wyoming.

Oct. 5, 1990.

Frank R. Chapman, Casper, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., Paul S. Rehu-

rek, Sr. Asst. Atty. Gen., Cheyenne, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Kirk Hudson appeals his conviction, pursuant to a plea agreement, on one count of delivery of cocaine in violation of W.S. 35–7–1031(a)(ii) (June 1988 Repl.). He raises the same issues that were raised in *Billis v. State*, No. 88–250 [800 P.2d 401] (Wyo. Oct. 5, 1990), concerning the constitutionality of W.S. 7–13–301 (June 1987 Repl.) ("new 301").

We affirm.

Acting on information supplied by an informer, law enforcement authorities arrested Mr. Hudson for delivery of two ounces of cocaine to the informer. Under a plea agreement, in exchange for Mr. Hudson's plea of guilty and his cooperation with law enforcement authorities investigating drug activity, the state agreed to recommend a sentence of two years supervised probation and to consider giving consent to probation without entry of adjudication of guilt under "new 301." The agreement was dependent upon the results of the presentence investigation report. At the sentencing proceeding after the district court received the presentence investigation report, the state refused to consent to "new 301" treatment. The district court judge then imposed sentence. Although the prosecutor gave no reasons for the state's refusal to consent, we know that the prosecutor had agreed to consider giving consent depending on what the presentence investigation report revealed. After review, we learned that, in addition to other information, the report contains information about Mr. Hudson's interview with the probation agent. In that interview Mr. Hudson admitted he had used and sold cocaine before the delivery in question. Following the district court judge's imposition of sentence, this appeal followed.

Mr. Hudson raises issues identical to those raised in *Billis v. State*, 800 P.2d 401 (Wyo.1990):

1. Whether W.S. 7–13–301 (June 1987 Repl.), requiring the state's consent to the court's deferring further proceedings and placing a defendant on probation without entry of a judgment of conviction, infringes on the judicial department's sentencing power in violation of the principle of separation of powers explicitly stated in Wyo. Const. art. 2, § 1.

2. Whether 1987 Wyo.Sess.Laws, ch. 157, § 3, enacting W.S. 7–13–301 (June 1987 Repl.), was enacted in violation of Wyo. Const. art. 3, § 20, which proscribes altering or amending a bill during its passage through the legislature so as to change the bill's original purpose.

3. Whether 1987 Wyo.Sess.Laws, ch. 157, § 3, enacting W.S. 7–13–301 (June 1987 Repl.), was enacted in violation of Wyo. Const. art. 3, § 24, which mandates the passage of a bill containing only one subject which must be clearly expressed in the bill's title.

4. Whether the prosecutor's refusal to consent to sentencing under § 7–13–301 was arbitrary and an abuse of discretion and therefore violated Wyo. Const. art. 1, §§ 2 and 7.

Although the state asserts that Mr. Hudson has not preserved these issues since he failed properly to raise them below, we have chosen to consider them as explained in *State v. Lowry*, No. 88–312 (Wyo. Oct. 5, 1990); *Vigil v. State*, No. 88–310 (Wyo. Oct. 5, 1990); *McIver v. State*, No. 88–311 (Wyo. Oct. 5, 1990); *Moon v. State*, No. 88–304 (Wyo. Oct. 5, 1990); *Magarahan v. State*, No. 89–4 (Wyo. Oct. 5, 1990); and *Billis v. State*, No. 88–250 (Wyo. Oct. 5, 1990) [800 P.2d 401].

Our decisions in *Mollman*, 800 P.2d 466, *Lowry* and its companion cases just referred to, especially *Billis*, 800 P.2d 401, are dispositive here. We hold that "new 301" is constitutional in terms of the issues raised here and that the prosecutor's refusal to consent to "new 301" treatment in Mr. Hudson's case was neither arbitrary nor an abuse of discretion in violation of Wyo.

Const. art. 1, §§ 2 and 7. Accordingly, we affirm.

URBIGKIT, C.J. filed a dissenting opinion in which MACY, J., joins.

MACY, J., filed a dissenting opinion in which URBIGKIT, C.J., joins.

URBIGKIT, Chief Justice, dissenting, with whom MACY, Justice joins.

This is another Natrona County prosecution case, *see Heggen v. State*, 800 P.2d 475 (Wyo.1990) (No. 89–84, 10/5/90), Urbigkit, Chief Justice, dissenting, where the prosecutorial veto was, without expressed justification or reason, exercised at sentencing to deny application of the Wyoming modified juvenile first offender sentencing process in order to require a felony conviction status for the charged individual.

Again presented is a plea bargain disposition, this time to delivery of a controlled substance:

THE COURT: [Defense counsel], is your client ready to enter a plea at this time?

[DEFENSE COUNSEL]: He is, Your Honor, pursuant to Rule 15 of Wyoming Rules of Criminal Procedure we have entered a plea agreement with the State of Wyoming, we entered this agreement in July, and it has been reduced to writing by a letter dated July 8th, 1988, from [prosecuting attorney] to myself, and that agreement states in substance that Mr. Hudson would plead guilty to this one count of delivery, but no other potential charges known to the State of Wyoming or its agents on or before that July 8th date, involving drug transactions in Natrona or Laramie Counties will be filed by the State, and no such charges will be referred to the federal government for prosecution, Mr. Hudson is going to and has cooperated with the DCI and Casper Police Department and the State of Wyoming, and with the federal drug task force, and that was part of his agreement that in return for his cooperation, which again he has already completed, it was agreed that he should receive as a sentence two years of supervised probation, which might include restitution if necessary, community service, if the Court desires, counseling, which Mr. Hudson has already completed and drug testing as directed by the Department of Probation and Parole. Further that he would not receive any jail, penitentiary or Community Alternatives, and further that following the presentence investigation the State will consider agreeing to probationary treatment under 7–13–301 of the Wyoming Statutes. With that in mind, Your Honor, Mr. Hudson is now ready to enter a plea of guilty.

[PROSECUTING ATTORNEY]: That is our understanding.

THE COURT: Mr. Hudson, how do you plead to the charge?

THE DEFENDANT: Guilty.

THE COURT: If you maintain your plea of guilty you are admitting all of the essential facts of the charge. The State will not have to prove any case against you and the only issue will be the sentence. Do you understand that?

THE DEFENDANT: Yes, sir.

&ast; &ast; &ast; &ast; &ast; &ast;

THE COURT: The Court finds that the plea agreement was made voluntarily by the defendant with full understanding of its consequences. The Court defers acceptance of the agreement pending further information prior to sentencing. Do you understand that ap[a]rt from this agreement you could otherwise be sentenced to as much as ten years in the Wyoming State Penitentiary and a $10,-000. fine on this charge?

&ast; &ast; &ast; &ast; &ast; &ast;

THE COURT: The Court finds that the defendant is alert and not under any influence, which would adversely affect his ability to understand these proceedings, that he is competent to enter a plea, and that the plea is knowingly and voluntarily made, without any improper inducement or conditions, free of coercion, and with an understanding of the charge and the consequences. The Court further finds that the plea was made after consultation with competent counsel, and that there is a factual basis for the plea.

Therefore, the Court accepts the plea of guilty.

At age twenty-nine, married and a petroleum engineer, Kirk W. Hudson was a cocaine addict in 1988. He had no prior significant criminal record and actually no record of any kind except a ten-year-old traffic offense. As a user of cocaine, he was caught selling cocaine to an undercover agent. Probation was recommended by the presentence investigation report. The report's evaluation and recommendation stated:

> Before the Court is a twenty-nine year old Defendant facing his first felony conviction. The Defendant has been polite and cooperative throughout the Presentence Investigation interview and he appears to be a suitable candidate for probation. The Defendant voluntarily enrolled in an inpatient drug and alcohol facility and he acknowledges the importance of aftercare. The Defendant has a good job, ample family support, and he has been a productive member of the community.
>
> *     *     *     *     *     *
>
> It is respectfully recommended that the Defendant, Kirk Hudson, be placed on supervised probation, and that he attend counseling and perform community service as directed by the Department of Probation and Parole.

At sentencing, following completion of the presentence investigation report, the subject of W.S. 7–13–301 was considered:

> [DEFENSE COUNSEL]: Your Honor, once again we have filed a request that this matter be handled in accordance with 7–13–301, the same as we did with the case just previous. I believe that this again is a case where Mr. Hudson put himself at great risk by cooperating fully with regard to the federal government and the state government with regard to their investigation and prosecution of various matters. That because of that complete and full cooperation that he gave, he should be entitled to 7–13–301. We entered a written plea agreement in July of 1988 with the District Attorney, where they agreed to what they said to consider probation under 7–13–301. It was just yesterday that they have apparently on the basis of a recommendation made by the Division of Criminal Investigation not to agree to sentencing under 7–13–301. Once again the presentence report indicates that this is not only a good candidate for probation, but a very fine young man, who found himself under some circumstances here that he has extricated himself from, he has assisted the State in making other cases, he attended and completed successfully and is now seeking after care [at an] inpatient treatment program, and we would request the Court again consider 7–13–301 in addition to the two years of supervised probation that was earlier agreed to in this written plea agreement, that we have with the State.
>
> [PROSECUTING ATTORNEY]: Your Honor, we recommend the defendant be sentenced to two years supervised probation under the usual conditions, community service, counseling and restitution and drug testing as well as $50.00 to the Victim Compensation Fund. The State does oppose sentencing under 7–13–301.

Apparently, we now have a state agency, the Division of Criminal Investigation, involved in the sentencing decision by negative recommendation to veto non-felony conviction status.

The sentence of probation embodied in the plea bargain was accepted by the trial court and the felony avoidance function of this Wyoming criminal sentencing statute denied based on the prosecutorial veto of its usage:

> THE COURT: I do not believe I have any legal authority to sentence the defendant under Section 7–13–301 absent agreement by both sides.

This case meets no test of precedent in result. It is only an arbitrary, unprincipled decision of an advocate, and here also a law enforcement agency, in order to deny authority of the trial court to use a historical sentencing procedure. This is a pound of flesh prosecutorial prerequisite.

For the reasons stated in the dissents of *Billis v. State*, 800 P.2d 401 (Wyo.1990) (Nos. 88–250, 304, 310, 311, 312 and 89–4, 10/5/90), Urbigkit, Chief Justice, dissenting and *Heggen*, 800 P.2d 475 (No. 89–84, 10/5/90), Urbigkit, Chief Justice, dissenting, and based on consideration of every referenced case of precedent, I again dissent. *See Shade v. Com. of Pennsylvania, Dept. of Transp.*, 394 F.Supp. 1237, 1240 (M.D.Pa.1975); *People, By and Through Vanmeveren v. District Court In and For Larimer County*, 186 Colo. 335, 527 P.2d 50 (1974); *Cleveland v. State*, 417 So.2d 653, 654 (Fla.1982); *State v. Cleveland*, 390 So.2d 364 (Fla.App.1980); *State v. Greenlee*, 228 Kan. 712, 620 P.2d 1132 (1980); *State v. Collins*, 180 N.J.Super. 190, 434 A.2d 628 (1981), *aff'd* 90 N.J. 449, 448 A.2d 977 (1982); *State v. Dalglish*, 86 N.J. 503, 432 A.2d 74 (1981); *State v. Leonardis*, 73 N.J. 360, 375 A.2d 607 (1977) (*Leonardis II*); *State v. Leonardis*, 71 N.J. 85, 363 A.2d 321 (1976), *reh'g* 73 N.J. 360, 375 A.2d 607 (1977) (*Leonardis I*); *City of Cleveland v. Mosquito*, 10 Ohio App.3d 239, 461 N.E.2d 924 (1983); *State v. Graves*, 58 Or. App. 286, 648 P.2d 866 (1982); *State ex rel. Harmon v. Blanding*, 292 Or. 752, 644 P.2d 1082 (1982); *State ex rel. Anderson v. Haas*, 43 Or.App. 169, 602 P.2d 346 (1979); *Com. v. Ebert*, 369 Pa.Super. 318, 535 A.2d 178 (1987); *Com. v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985); *Com. v. Kindness*, 247 Pa.Super. 99, 371 A.2d 1346, 1347 (1977); *Pace v. State*, 566 S.W.2d 861 (Tenn.1978); and Note, *Pretrial Diversion from the Criminal Process*, 83 Yale L.J. 827, 852–54 (1974); and compare *State v. Prentiss*, 163 Ariz. 81, 786 P.2d 932 (1989); *State v. Jones*, 142 Ariz. 302, 689 P.2d 561, 563 (1984); *People v. Superior Court of San Mateo County*, 11 Cal.3d 59, 113 Cal.Rptr. 21, 520 P.2d 405 (1974); *People v. Navarro*, 7 Cal.3d 248, 102 Cal.Rptr. 137, 497 P.2d 481 (1972); *Esteybar v. Municipal Court for Long Beach Judicial Dist. of Los Angeles County*, 5 Cal.3d 119, 95 Cal.Rptr. 524, 485 P.2d 1140 (1971); *People v. Tenorio*, 3 Cal.3d 89, 89 Cal.Rptr. 249, 473 P.2d 993 (1970); *People v. Caldwell*, 118 Ill. App.3d 1027, 74 Ill.Dec. 464, 455 N.E.2d 893 (1983); *People v. Teschner*, 81 Ill.2d 187, 40 Ill.Dec. 818, 407 N.E.2d 49, 52 (1980); *State v. LeCompte*, 406 So.2d 1300 (La.1981); *State v. Olson*, 325 N.W.2d 13 (Minn.1982); *State ex rel. Light v. Sheffield*, 768 S.W.2d 590, 592 (Mo.App.1989); and *State v. Anderson*, 645 S.W.2d 251 (Tenn.Cr.App.1982).

MACY, Justice, dissenting, with whom URBIGKIT, Chief Justice, joins.

I dissent. I am convinced that "new 301" violates the separation of powers doctrine for the reasons articulated in my dissent to *Billis v. State*, 800 P.2d 401 (Wyo. Nos. 88–250, 88–304, 88–310, 88–311, 88–312, and 89–4 October 5, 1990).