**Elmer CAMBIO, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 89–169.**

Supreme Court of Wyoming.

Oct. 5, 1990.

Ann M. Rochelle of Williams, Porter, Day & Neville, Casper, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., Paul S. Rehurek, Sr. Asst. Atty. Gen., Cheyenne, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Elmer Cambio, convicted of battery in violation of W.S. 6–2–501(b) (June 1983 Repl.), raises issues identical to those raised in *Moon v. State*, No. 88–304 (Wyo. Oct. 5, 1990), and identical to the three major issues raised in *State v. Lowry*, No. 88–312 (Wyo. Oct. 5, 1990) and its companion cases, *Vigil v. State*, No. 88–310 (Wyo. Oct. 5, 1990); *McIver v. State*, No. 88–311 (Wyo. Oct. 5, 1990); *Magarahan v. State*,

No. 89–4 (Wyo. Oct. 5, 1990); and *Billis v. State*, No. 88–250 (Wyo. Oct. 5, 1990) [800 P.2d 401]. These major issues were also raised in *Mollman v. State*, No. 89–21, [800 P.2d 466] (Wyo. Oct. 5, 1990); *Hudson v. State*, No. 89–83, [800 P.2d 471] (Wyo. Oct. 5, 1990); and *Heggen v. State*, No. 89–84, [800 P.2d 475] (Wyo. Oct. 5, 1990). The major issues in all of these cases involved the constitutionality of W.S. 7–13–301 (June 1987 Repl.) ("new 301") .

We affirm.

On April 30, 1988, Mr. Cambio was weeding a garden using a pitchfork. Several children, including the eleven-year old victim, who was sitting on a corral fence, were playing in the general area. After several of the other children went into a house, leaving the victim sitting on the fence, Mr. Cambio talked to the victim about, among other things, not being allowed to sit on the fence. Mr. Cambio jabbed the victim's upper right thigh with the pitchfork, causing a contusion with three "partial-thickness" puncture wounds.

The state charged Mr. Cambio with one count of child abuse under W.S. 6–2–503(a) (Cum.Supp.1987). At arraignment, he pleaded not guilty to the charge. Later, he appeared in court to enter a change of plea. Under a plea agreement, in return for Mr. Cambio's plea of guilty to the misdemeanor of battery under W.S. 6–2–501(b) (Cum. Supp.1987), the state agreed to dismiss a charge of aggravated assault in a related case and reduce the child abuse charge to the battery charge. The parties had no agreement about sentencing. The district court judge accepted Mr. Cambio's guilty plea and ordered a presentence investigation report. At the sentencing proceeding, Mr. Cambio requested that the court consider placing him under "new 301" probation. The prosecutor stated that the state did not consent to that probation because of the gravity of Mr. Cambio's conduct and the serious injury to the eleven-year old victim. The court sentenced Mr. Cambio to six months supervised probation, a $100 fine, restitution, and payment of $50 to the victims' compensation account. The court

declined Mr. Cambio's invitation to disclose how the court would have ruled on "new 301" probation had the state consented to that treatment. This appeal followed.

■■■ Mr. Cambio raises issues identical to those raised in *Moon v. State*, 800 P.2d 401 (Wyo.1990), namely:

1. Whether W.S. 7–13–301 (June 1987 Repl.), requiring the state's consent to the court's deferring further proceedings and placing a defendant on probation without entry of a judgment of conviction, infringes on the judicial department's sentencing power in violation of the principle of separation of powers explicitly stated in Wyo. Const. art. 2, § 1.
2. Whether 1987 Wyo. Sess. Laws, ch. 157, § 3, enacting W.S. 7–13–301 (June 1987 Repl.), was enacted in violation of Wyo. Const. art. 3, § 20, which proscribes altering or amending a bill during its passage through the legislature so as to change the bill's original purpose.
3. Whether 1987 Wyo. Sess. Laws, ch. 157, § 3, enacting W.S. 7–13–301 (June 1987 Repl.), was enacted in violation of Wyo. Const. art. 3, § 24, which mandates the passage of a bill containing only one subject which must be clearly expressed in the bill's title.
4. Whether the prosecutor's refusal to consent to sentencing under § 7–13–301 was arbitrary and an abuse of discretion and therefore violated Wyo. Const. art. 1, §§ 2 and 7.

Although the state asserts that Mr. Cambio has not preserved these issues since he failed properly to raise them below, we have chosen to consider them for the reason explained in *Lowry* and its companion cases.

Our decisions in *Lowry* and its companion cases, especially *Moon*, are dispositive here. Applying those decisions, we hold that "new 301" is constitutional in terms of the issues raised here, that the prosecutor's refusal to consent to "new 301" treatment in Mr. Cambio's case did not violate his rights to due process, and that the prosecutor's refusal to consent to "new 301" treatment in Mr. Cambio's case was neither

arbitrary nor an abuse of discretion in violation of Wyo. Const. art. 1, §§ 2 and 7. Accordingly, we affirm.

URBIGKIT, C.J., files a dissenting opinion in which MACY, J., joins.

MACY, J., files a dissenting opinion in which URBIGKIT, C.J., joins.

URBIGKIT, Chief Justice, dissenting, with whom MACY, Justice, joins.

Elmer Cambio presents for appeal a misdemeanor battery plea agreement conviction case which consequently does not come encumbered with the felony conviction prosecutorial attribute. Elmer Cambio, age fifty-seven, was weeding a garden on his landlord's property with a "pitchfork," which was either a dull pitchfork or a spading fork. While engaged, he asked young Mr. Kirk Lewis to get off of the property fence and, when answered by the question from the youth, "why should he," Cambio poked the fence sitter with the spading fork. The young man was not upset at that time, but his parents certainly were later which resulted in the institution of a criminal felony charge of infliction of injury on a child as aggravated child abuse because of the age difference.

The five year felony criminal offense, W.S. 6-2-503, was pled down to battery, W.S. 6-2-501(b), a six month, $750 fine offense. Cambio had one prior charge—a speeding offense and a $25 fine. In the plea bargain, there was no "sentencing agreement" for the plea. In the post plea bargain sentencing session before the trial court, Cambio's plea was taken:

THE COURT: Do you understand that as amended that charge would allege that on or about the 30th of April, 1988, in Natrona County, Wyoming, you did unlawfully touch another in a rude, insolent or angry manner or did intentionally, knowingly or recklessly cause bodily injury to another?

THE DEFENDANT: Yes.

THE COURT: Mr. Cambio, how do you plead to that charge?

THE DEFENDANT: Guilty.

THE COURT: If you maintain your plea of guilty you are admitting all of the essential facts of the charge, the State will not have to prove any case against you, and the only issue will be the sentence. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Have you been induced or threatened by anyone to enter this plea?

THE DEFENDANT: No, sir.

THE COURT: Is the plea made voluntarily and of your own volition?

THE DEFENDANT: Yes.

THE COURT: Are you making your plea after consultation with your attorney?

THE DEFENDANT: Yes.

\* \* \* \* \* \*

THE COURT: The Court finds the defendant is alert and not under any influence which would adversely affect his ability to understand these proceedings, that he is competent to enter a plea, and that the plea is knowingly and voluntarily made, without any improper inducement or conditions, free of coercion, and with an understanding of the charge and the consequences. The Court further finds the plea was made after consultation with competent counsel, and that there is a factual basis for the plea. Therefore, the Court accepts the plea of guilty. I presume we should have a presentence report in the case.

Defense counsel, at the scheduled sentencing session, extensively argued for W.S. 7-13-301 treatment which could only serve upon successful completion of any probationary term to vacate this rather insignificant conviction of battery. The prosecutor asked for jail time, which he did not get in the sentence actually entered of six months supervised probation. He specifically denied usage of the vacation of plea and sentence provision as a sentencing opportunity available to the trial court under the provisions of W.S. 7-13-301.

I dissent for the same reasons stated in the other cases presently before this court, but for the life of me I cannot discern why exercise of the prosecutorial veto provides

any rational justification for exercised conduct except to acquire the feeling of sitting on the bench with the trial judge during sentencing. *Billis v. State,* 800 P.2d 401 (Wyo.1990) (Nos. 88–250, 304, 310, 311, 312 and 89–4, 10/5/90), Urbigkit, Chief Justice, dissenting. To make a significant difference for misdemeanor cases, the veto, if exercised after entry of the plea, could realistically only have a practical effect in cases where there is a cumulative offense aggregation possibility, which would be the case with driving while under the influence offenses.

In practical realism within the rap sheet computer society within which we presently live, the difference provided by the vacation of the entered plea following successful probation becomes de minimis. What we have is introduction of a felony issue into misdemeanor sentencing to aggregate prosecutorial power.

Consequently, I dissent from this transfer of judicial power to the advocate in the executive branch of government.

MACY, Justice, dissenting, with whom URBIGKIT, Chief Justice, joins.

I dissent. I am convinced that "new 301" violates the separation of powers doctrine for the reasons articulated in my dissent to *Billis v. State,* 800 P.2d 401 (Wyo. Nos. 88–250, 88–304, 88–310, 88–311, 88–312, and 89–4 decided October 5, 1990).