Nicole Rea RAWSON, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 94–154.

Supreme Court of Wyoming.

July 28, 1995.

Wyoming Public Defender Program: Leonard D. Munker, State Public Defender; Deborah Cornia, Appellate Counsel; and Dion Custis, Asst. Public Defender, for appellant.

Joseph B. Meyer, Atty. Gen.; Sylvia Lee Hackl, Deputy Atty. Gen.; D. Michael Pauling, Sr. Asst. Atty. Gen.; Prosecution Assistance Program, Theodore E. Lauer, Director, and Cassandra Stump Ando, Student Intern, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

THOMAS, Justice.

The questions we must resolve relate to the application of WYO.STAT. § 7–13–301 (Supp.1994). The initial issue is whether this statute can be applied in an instance in which the accused has been prosecuted in another jurisdiction and afforded the benefit of a similar statute or has been convicted of a felony. The second issue is whether the sentencing court must invoke the statute if the defendant and the State consent to disposition under its provisions. Nicole Rea Rawson (Rawson) was denied the benefit of a deferred proceeding pursuant to this statute because it appeared to the trial court that she had received the benefit of a similar statute in a prior proceeding in Colorado. We hold WYO.STAT. § 7–13–301 is not available as an option when a charge against the defendant has been resolved under a similar statute or the defendant has been convicted of a felony, and the defendant must assume the burden of satisfying the sentencing court that the defendant is eligible for consideration under this statute. The sentencing court has discretion with respect to invoking the statute even if the defendant is eligible

for its benefits. The Judgment and Sentence of the trial court is affirmed.

Rawson did not include a "statement of the issues presented for review" in her Brief of the Appellant, despite the clear language of WYO.R.APP.P. 7.01(d). Since the State did not include a statement of the issues in its brief, apparently relying upon WYO.R.APP.P. 7.02, we are free to couch the issues in language that suits us. We do so:

1. Was Rawson foreclosed from the benefits of WYO.STAT. § 7–13–301 (Supp. 1994) because she either was convicted of a felony or received the benefit of a similar statute in Colorado?

2. Must the sentencing court invoke the provisions of WYO.STAT. § 7–13–301 (Supp.1994) whenever the defendant and the state have consented to disposition of the criminal case according to the provisions of this statute?

Rawson and several accomplices were involved in the forging and passing of a number of checks in both Wyoming and Colorado. The checks were drawn upon the account of a romantic acquaintance of Rawson after Rawson had taken his checkbook from his residence. Rawson said she was aggrieved by his reckless driving, and that is why she stole the checks. Rawson pleaded guilty to two counts of forgery for passing checks and two counts of forgery for uttering checks in violation of WYO.STAT. § 6–3–602(a)(ii) and (a)(iii) (1988).[1] At the time the pleas were received, the district court indicated that, in accordance with an arrangement between Rawson and the State, it would commit to sentencing pursuant to WYO.STAT. § 7–13–301.[2]

---

1. WYO.STAT. § 6–3–602 (1988) provides, in pertinent part:

(a) A person is guilty of forgery if, with intent to defraud, he:

(i) Alters any writing of another without authority;

(ii) Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

(iii) Utters any writing which he knows to be forged in a manner specified in paragraphs (i) or (ii) of this subsection.

(b) Except as provided in subsection (c) of this section, forgery is a felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both.

\* \* \* \* \* \*

2. WYO.STAT. § 7–13–301 (Supp.1994) provides:

(a) If a person who has not previously been convicted of any felony is charged with or is found guilty of or pleads guilty to any misdemeanor except any second or subsequent violation of W.S. 31–5–233 or any similar provision of law, or any felony except murder, sexual assault in the first or second degree or arson in the first or second degree, the court may, with the consent of the defendant and the state and without entering a judgment of guilt or conviction, defer further proceedings and place the person on probation for a term not to exceed five (5) years upon terms and conditions set by the court. The terms of probation shall include that he:

(i) Report to the court not less than twice in each year at times and places fixed in the order;

(ii) Conduct himself in a law-abiding manner;

(iii) Not leave the state without the consent of the court;

(iv) Conform his conduct to any other terms of probation the court finds proper; and

(v) Pay restitution to each victim in accordance with W.S. 7–9–101 and 7–9–103 through 7–9–112.

(b) If the court finds the person has fulfilled the terms of probation and that his rehabilitation has been attained to the satisfaction of the court, the court may at the end of five (5) years, or at any time after the expiration of one (1) year from the date of the original probation, discharge the person and dismiss the proceedings against him.

(c) If the defendant violates a term or condition of probation at any time before final discharge, the court may:

(i) Enter an adjudication of guilt and conviction and proceed to impose sentence upon the defendant if he previously pled guilty to or was found guilty of the original charge for which probation was granted under this section; or

(ii) Order that the trial of the original charge proceed if the defendant has not previously pled or been found guilty.

(d) Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for any purpose.

(e) There shall be only one (1) discharge and dismissal under this section or under any similar section of the probationary statutes of any other jurisdiction.

When Rawson returned for sentencing after a presentence investigation and the preparation of a presentence report, the court expressed concern about whether Rawson was eligible for sentencing under WYO.STAT. § 7–13–301. That concern was premised upon information developed in connection with the presentence investigation which indicated that a pending case in Colorado had been disposed of under a similar statutory provision. Counsel for Rawson urged the court to invoke WYO.STAT. § 7–13–301, arguing first, there had been no conviction if the assumption were that she had a felony case in Colorado disposed of under a similar provision; and second, she had not, in fact, obtained a discharge and dismissal under the probationary statutes of any other jurisdiction.

The trial court then sentenced Rawson to a term of not less than four, and not more than six, years at the women's prison in Lusk. It suspended the imposition of sentence and placed her on probation for four years. After the sentence was announced, counsel for Rawson advised the court that, under his interpretation of *Billis v. State*, 800 P.2d 401 (Wyo.1990), the court could not refuse to sentence under the statute because that discretion was vested solely in the prosecuting attorney. Rawson appealed from the Judgment and Sentence that was entered providing for a sentence of not less than four, nor more than six, years on each count of the information.

█ We address initially the question of whether the trial court has discretion to invoke the provisions of WYO.STAT. § 7–13–301. The material provisions of that statute read as follows:

(a) If a person who has not previously been convicted of any felony is charged with or is found guilty of or pleads guilty to any misdemeanor except any second or subsequent violation of W.S. 31–5–233 or any similar provision of law, or any felony except murder, sexual assault in the first or second degree or arson in the first or second degree, **the court may,** with the consent of the defendant and the state and **without entering a judgment of guilt or conviction, defer further proceedings**

**and place the person on probation** for a term not to exceed five (5) years upon terms and conditions set by the court. (Emphasis added.)

Rawson argues that the holding of *Billis* requires the trial court to invoke the statute if the defendant and the State consent to its use. Her position simply distorts the holding in *Billis*. The issue in that case was whether the court could invoke the provisions of this statute if the State did not consent. *Billis* holds only that the trial court cannot invoke the provisions of this statute if the State does not consent. It does not hold that the sentencing court is required to invoke the statute if the State does consent. The primary thrust of that case was to address the constitutionality of the provision demanding consent by the State. Nothing to the contrary appears in *Kruzich v. State*, 800 P.2d 489 (Wyo.1990); *Gezzi v. State*, 800 P.2d 485 (Wyo.1990); *Cambio v. State*, 800 P.2d 482 (Wyo.1990); *Heggen v. State*, 800 P.2d 475 (1990); *Hudson v. State*, 800 P.2d 471 (Wyo. 1990); or *Mollman v. State*, 800 P.2d 466 (Wyo.1990), all decided contemporaneously with *Billis*.

The statute provides, "the court **may,** with the consent of the defendant and the state and without entering a judgment of guilt or conviction, defer further proceedings * * *." We have, in a number of instances, noted that the term "may" connotes permissive authority and does not structure a mandatory requirement. *E.g., Hoke v. Moyer,* 865 P.2d 624, 630 (Wyo.1993); *Barnes v. State,* 858 P.2d 522, 527 (Wyo.1993); *Cyr v. Bd. of County Comm'rs of Platte County,* 780 P.2d 986, 989 (Wyo.1989); *Duncan v. Laramie County Community College,* 768 P.2d 593, 594 (Wyo.1989); *Diefenderfer v. Budd,* 563 P.2d 1355, 1360 (Wyo.1977); *Appeal of Hamilton Pipe Line Co.,* 65 Wyo. 350, 202 P.2d 184, 188 (Wyo.1949); *Mayor v. Bd. of Land Comm'rs,* 64 Wyo. 409, 192 P.2d 403, 411, *reh'g denied,* 195 P.2d 752 (1948); *Burnham Hotel Co. v. City of Cheyenne,* 30 Wyo. 458, 222 P. 1, 3 (1924). We are satisfied this statute vests discretion in the district court with respect to its invocation.

We cannot end our discussion at this point, however, because the district judge evidenced a disposition to invoke the statute if Rawson were eligible for its benefits. The record indicates the trial court was of the opinion that Rawson either had been convicted of a felony previously in Colorado or, if she had not been convicted of a felony, she had received the benefit of a similar provision in Colorado law.

We consider first whether Rawson had previously been convicted of any felony because that is a condition for invoking WYO. STAT. § 7–13–301, which provides in its initial language, "if a person who has not previously been convicted of any felony is charged * * *." Rawson concedes a Colorado charge arising out of this set of circumstances was addressed prior to the disposition of her case in Wyoming. She argues, without citing authority, that she never had been convicted of a felony previously. The State points out in its brief that one provision of Colorado law (COLO.REV.STAT.ANN. § 16–7–401 (Supp. 1994)) permits deferred prosecution before a plea or adjudication of guilt, while another section of the Colorado law (COLO.REV.STAT. ANN. § 16–7–403 (Supp.1994)) permits deferred sentencing after a plea or adjudication of guilt. The State relies upon the information provided in the presentence report stating that Rawson received deferred sentences after guilty pleas and that the applicable provision is COLO.REV.STAT.ANN. § 16–7–403.

The State refers to COLO.REV.STAT.ANN. § 16–7–206(3) (1986) which states:

> The acceptance by the court of a plea of guilty acts as a waiver by the defendant of the right to trial by jury on all issues including the determination of the penalty to be assessed, and the acceptance of such plea also acts as a conviction for the offense.

The Colorado Supreme Court has held that a plea of guilty received under COLO.REV.STAT. ANN. § 16–7–403 constitutes a conviction. *Hafelfinger v. District Court in and for Eighth Judicial Dist.,* 674 P.2d 375 (Colo. 1984). In that case, the court said, "[i]n the context of a deferred judgment and sentence, a 'conviction' occurs upon the acceptance by the trial court of the defendant's plea of guilty * * *." *Hafelfinger,* 674 P.2d at 378. We are persuaded that, in this instance, Rawson was convicted of felonies in Colorado and, therefore, did not qualify under the provisions of WYO.STAT. § 7–13–301.

We recognize the record is somewhat inconclusive. Because we perceive WYO.STAT. § 7–13–301 as a manifestation of legislative grace, we conclude it is appropriate to assign the burden of demonstrating eligibility to the defendant who wishes to have a case disposed of under the provisions of this statute. Rawson has not demonstrated eligibility on this record.

Were we to accept Rawson's argument that she had not been convicted in Colorado, a position which depends upon the fact that the plea of guilty pursuant to COLO. REV.STAT.ANN. § 16–7–403 did not result in a conviction, the alternative position of the State would be applicable. If there were no conviction in Colorado, then Rawson had the potential of obtaining a discharge and dismissal under the probationary statutes of Colorado. The provision of WYO.STAT. § 7–13–301 pertaining to that circumstance is found in subparagraph (e):

> There shall be only one (1) discharge and dismissal under this section or under any similar section of the probationary statutes of any other jurisdiction.

While Rawson argues she has not received the benefit of a discharge and dismissal under the Colorado statutes, that benefit would be attained upon satisfactory completion of the Colorado probationary period. We see a clear intent on the part of the Wyoming legislature to limit the scope of the benefit of WYO.STAT. § 7–13–301. We conclude the legislature did not intend for the statute to be invoked repetitively. We traditionally have referred to this provision as a first offender provision. *See Wlodarczyk v. State,* 836 P.2d 279 (Wyo.1992); *Kahlsdorf v. State,* 823 P.2d 1184 (Wyo.1991); *Billis,* 800 P.2d 401; *Munson v. State,* 770 P.2d 1093 (Wyo.1989). Rawson does not qualify as a first offender under our statute.

In summary, we hold that a sentencing court in Wyoming has full discretion as to whether to invoke the provisions of WYO.

STAT. § 7–13–301 and may refuse to do so even though the State and the defendant consent to its application. In the absence of evidence in the record to establish Rawson was not convicted in Colorado, she stands before this court as a person who previously has been convicted and is not eligible for treatment under the statute for that reason. Furthermore, if she has not been convicted in Colorado, she has received the benefit of the provisions of a Colorado statute that are similar to WYO.STAT. § 7–13–301 and, under those circumstances, she is not eligible to be considered as a first offender under Wyoming law.

The Judgment and Sentence of the court is affirmed.